[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 1, 2006
THOMAS K. KAHN
CLERK

No. 06-10858
Non-Argument Calendar

_____

D. C. Docket No. 05-00026-CR-T-17-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR ARBOLEDA CAMPAZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 1, 2006)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Hector Arboleda Campaz (Campaz) appeals the district court's imposition of two 135-month concurrent sentences. The sentences followed his guilty plea to charges of conspiracy to possess and possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 21 U.S.C. § 960(b)(1)(B)(ii) and 46 U.S.C. app. § 1903(a), (g), (j). He argues that the district court erred in failing to grant a minor-role reduction and in imposing unreasonable sentences. We affirm.

## I.

Campaz first challenges the district court's refusal to grant him a minor-role adjustment to his base offense level. He contends that the court did not properly consider his limited role in the transportation of the cocaine and did not properly balance his culpability relative to that of the other participants. Campaz argues that he was "simply a mariner" with no leadership role. He received a flat fee for the delivery and was only expected to perform mundane duties on the ship. The district court found that a minor-role reduction was not appropriate because the ship was transporting such a large amount of cocaine (2, 647 kilograms), and Campaz, a general crew member, was hired to do whatever was necessary to make the delivery. We review a district court's determination of a defendant's role in an offense under the clearly erroneous standard. See United States v. De Varon, 175

2

F.3d 930, 937–38 (11th Cir. 1999) (en banc).

A district court may award a two-level reduction in a defendant's offense level if it determines that he was a "minor participant" in the criminal activity. U.S.S.G. § 3B1.2(b). A defendant is a "minor participant" if he is "less culpable than most other participants," but has a role that "could not be described as minimal." U.S.S.G. § 3B1.2, cmt. (n.5). The defendant bears the burden of proving that he is entitled to the reduction by a preponderance of the evidence. De Varon, 175 F.3d at 939.

In determining whether a minor-role reduction is warranted, a district court must: "First, and most importantly . . . measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing . . . ." Id. at 945. In some circumstances, the amount of drugs will be dispositive. Id. at 943. Second, a district court may measure the defendant's role against that of the other participants. Id. at 944. However, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor . . . participants." Id.

We find no clear error in the district court's decision to deny Campaz's request for a minor-role reduction. As to the first prong of the De Varon test,

3

Campaz pleaded guilty to knowingly and willfully conspiring to transport drugs and knowingly and intentionally possessing drugs with an intent to distribute. In measuring Campaz's individual contribution against the crimes charged, the district court did not clearly err. Campaz knew of the nature of the voyage and was on board to do whatever was necessary to carry out the delivery. Based on the sheer volume of narcotics and Campaz's knowledge of the shipment's illegality, the district court properly denied the level reduction. Id. at 943 ("[B]ecause the amount of drugs in a courier's possession . . . may be the best indication of the magnitude of the courier's participation in the criminal enterprise, we do not foreclose the possibility that [the] amount of drugs may be dispositive—in and of itself—in the extreme case."). As we held in United States v. Asseff, 917 F.2d 502, 507 (11th Cir. 1990), a defendant is generally not entitled to a minor-role reduction where a "great amount of cocaine [is] involved," and the defendant has "apparent knowledge of [the] criminal activity." Notably, only 278.60 kilograms of cocaine was recovered in Asseff, as compared to the 2,647 kilograms here. Id. at 504. Regardless of whether Campaz knew the ultimate destination of the shipment, he knew that the boat's cargo was a large quantity of cocaine.

The district court did not have to reach the second prong of the De Varon analysis. De Varon, 175 F.3d at 945 (recognizing "that in many cases [the first

4

method] of analysis will be dispositive"). Even so, Campaz cannot show that he was less culpable than most of the other participants. "[A] defendant is not automatically entitled to a minor role adjustment merely because [he] was somewhat less culpable than the other discernable participants. Rather, the district court must determine that the defendant was less culpable than most other participants in [his] relevant conduct." Id. at 944. Of the eight men onboard, Campaz only distinguishes the conduct of two (the captain and engineer), but he cannot distinguish himself from the other five sailors.

Campaz's reliance on United States v. Dorvil, 784 F. Supp. 849 (S.D. Fla. 1991), is misplaced. Aside from not being binding precedent on this court, the facts of Dorvil are distinguishable from those of this case. In Dorvil, only 227 kilograms of cocaine were being transported, as opposed to the 2, 647 kilograms at issue here. Id. at 850. The defendants in Dorvil were not aware of the illegality of their conduct, whereas Campaz was fully aware of what he was doing. Id. The grant of a sentence reduction in Dorvil has no bearing on the facts here. The district court's denial of the minor-role reduction was not clearly erroneous.

## II.

Campaz also contends that his sentences are unreasonable because the district court failed to properly consider the mitigating evidence he offered. He

5

claims that the court improperly disregarded evidence of his age, economic situation, troubled childhood, limited education, and health problems. Further, Campaz asserts that the court should have taken into consideration the small amount of money he was paid, and the fact that an equally culpable codefendant received a lesser sentence and a more culpable codefendant received the same sentence as Campaz.

"Pursuant to the Supreme Court's instructions in Booker, we review a defendant's ultimate sentence, imposed after the district court has consulted the Guidelines and considered the factors set forth at 18 U.S.C. § 3553(a), for reasonableness. Our reasonableness review is 'deferential' and focuses on whether the sentence imposed fails to achieve the purposes of sentencing as stated in § 3553(a)." United States v. Pope, 461 F.3d 1331, 1333 (11th Cir. 2006) (internal citations omitted).

A party challenging a sentence bears the burden of establishing that a sentence is unreasonable in light of the § 3553(a) factors and the record established below. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Some factors listed in § 3553(a) are: (1) the nature and circumstances of the offense; (2) the need for the sentence imposed to reflect the seriousness of the offense, deter criminal activity, and protect the public from future crimes by the defendant; and

(3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. See 18 U.S.C. § 3553(a)(1)-(2), (6). Although a sentence within the guideline range is not per se reasonable, it usually will be. Talley, 431 F.3d at 788. A district court need not mention each of the § 3553(a) factors specifically. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

We find that, in fashioning Campaz's sentence, the district court properly considered the record and the § 3553(a) factors. The court noted Campaz's difficult economic circumstances and need to provide for his family, but it determined that these facts failed to justify his criminal participation in transporting 2,647 kilograms of cocaine. The court recognized the need for deterrence and the substantial danger that such a large shipment of cocaine would present to the United States. We find that the court fully considered the mitigating evidence presented. Some of the facts Campaz urges on appeal were not argued during the sentencing hearing, although the district court had access to those facts in the presentence investigation report. There is nothing to indicate that it did not consider them. The court sentenced Campaz at the lowest end of the Guideline range, and the statutory maximum was life.

Campaz further argues that his sentences were unreasonable when compared

to the sentences imposed on two of his codefendants. First, he asserts that one of his fellow crewman was equally responsible and yet received a sentence of only 87 months, instead of the 137 months Campaz received. Second, he argues that one codefendant, who served as the engineer, was more culpable than he and yet received the same sentence. While 18 U.S.C. § 3553(a)(6) speaks of "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," that principle generally applies more broadly outside the codefendant context, and the "[d]isparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal." United States v. Regueiro, 240 F.3d 1321, 1325–26 (11th Cir. 2001). "As the majority of circuit courts has recognized, to adjust the sentence of a co-defendant in order to cure an apparently unjustified disparity between defendants in an individual case will simply create another, wholly unwarranted disparity between the defendant receiving the adjustment and all similar offenders in other cases." United States v. Chotas, 968 F.2d 1193, 1197–98 (11th Cir. 1992).

We refuse to create a never-ending cycle of sentence adjustment. But even if we do compare the sentences imposed on codefendants, Campaz's sentences were still reasonable. The district court found equal fault between Campaz and the codefendant he claims was more culpable. We have no reason to question that

8

determination. Thus the two men were properly given the same sentence. Further, we note that the codefendant that Campaz claims was equally culpable but sentenced to a shorter term received a § 5K1.1 departure for providing substantial assistance to the authorities. There was no "unwarranted sentence disparit[y]" between the two. We conclude that the sentences imposed on Campaz were reasonable.

**AFFIRMED.**