[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11460
Non-Argument Calendar

_____

D. C. Docket No. 05-00364-CR-T-27-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUIZ EDINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 12, 2006)**

Before BLACK, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Ruiz Edinson appeals his 135-month sentence for conspiring and possessing

with intent to distribute cocaine while aboard a vessel, in violation of 46 U.S.C. § 1903 (a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii). On appeal, Edinson argues that the district court erred by (1) failing to find that he was entitled to a minor-role reduction, pursuant to U.S.S.G. § 3B1.2(a), and (2) imposing a sentence that was unreasonable, in light of the 18 U.S.C. § 3553(a) factors. After review, we affirm Edinson's sentence.

## I.

We have "long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999). Following United States v. Booker, 543 U.S. 220, 261, 125 S. Ct. 738, 765 (2005), this standard of review remains unchanged. See United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005).

Section 3B1.2 of the Sentencing Guidelines provides for a two-level decrease if the defendant was a minor participant in any criminal activity. U.S.S.G. § 3B1.2(b). A defendant is a minor participant if he is less culpable than most other participants, but his role cannot be described as minimal. U.S.S.G. § 3B1.2 cmt. n.5. In determining whether a role reduction is warranted, a district court "should be informed by two principles discerned from the Guidelines: first,

2

the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." De Varon, 175 F.3d at 940. "The defendant bears the burden of proving his minor role by a preponderance of the evidence." United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002).

"[W]hen a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." De Varon, 175 F.3d at 942-43. We have noted that "the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct." Id. at 943.

Based on Edinson's participation in the transportation of cocaine from Colombia, the district court properly concluded that his role was "essential," irrespective of the fact that he was not the captain of the vessel in this case. See De Varon, 175 F.3d at 942-43. The district court held Edinson accountable only for his own conduct, namely, his involvement with trafficking the 2,500 kilograms of cocaine, which we consider a material factor in determining a minor-role reduction. See De Varon, 175 F.3d at 940, 943. Furthermore, although Edinson alleges that his involvement was minor as compared to the other crew members, he failed to establish that his responsibilities aboard the vessel were less vital to the

3

enterprise than those of other crew members, with the exception of the captain.

See De Varon, 175 F.3d at 940; Boyd, 291 F.3d at 1277.

## II.

Sentences imposed under an advisory guidelines system are reviewed for reasonableness.[1] See United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). "'In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors.'" United States v. Valnor, 451 F.3d 744, 750 (11th Cir. 2006) (citation omitted). While the district court must be guided by the § 3553(a) factors, there is no requirement that the district court engage in a detailed, step-by-step analysis of every factor. "[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). In fact, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." Talley, 431 F.3d at 786.

Prior to imposing sentence, the district court heard Edinson's arguments

[1]The government contends that Edinson's challenge to the reasonableness of his sentence should be reviewed only for plain error because Edinson failed to raise the argument before the district court. We need not decide this issue, because Edinson's argument fails under either standard of review.

about, inter alia, his remorse, his injury during his arrest, his impoverished background, and his purportedly minor role in relation to his co-defendants. Moreover, the district court specifically stated that in imposing sentence it "considered the advisory guidelines, as well as the sentencing factors set forth in Title 18, Section 3553(a)(1), including the nature and circumstances of this offense." The district court ultimately sentenced Edinson to 135 months' imprisonment, which was at the low end of the guidelines range of 135 to 168 months' imprisonment.

For all of the foregoing reasons, we conclude that Edinson's sentence is not unreasonable. The district court acknowledged that it considered Edinson's arguments and the § 3553(a) factors. See Talley, 413 F.3d at 786. The district court was not required to explicitly discuss each of the § 3553(a) factors, see Scott, 426 F.3d at 1329, but it nevertheless commented on Edinson's background and history, the seriousness of the offense, the need for deterrence, the need to protect the public from further crimes of the defendant, and the "substantial quantity of cocaine" involved, all of which are 3553(a) factors. See 18 U.S.C. § 3553(a)(1)-(2). Moreover, while a guidelines-range sentence is not per se reasonable, we ordinarily expect such a sentence to be reasonable, and Edinson was sentenced to the low end of the guidelines range. Talley, 431 F.3d at 788.

We reject Edinson's contention that his sentence is unreasonable because his co-defendants were given lower sentences. While § 3553(a)(6) speaks of "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," the provision is more concerned with unjustified differences across judges or districts than between co-defendants in a single case. United States v. Boscarino, 437 F.3d 634, 638 (7th Cir. 2006). "Disparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal." United States v. Reguerio, 240 F.3d 1321, 1325-26 (11th Cir. 2001). As we have previously recognized, "to adjust the sentence of a co-defendant in order to cure an apparently unjustified disparity between defendants in an individual case will simply create another, wholly unwarranted disparity between the defendant receiving the adjustment and all similar offenders in other cases." United States v. Chotas, 968 F.2d 1193, 1198 (11th Cir. 1992).[2]

In sum, Edinson has failed to show that his 135-month sentence is unreasonable when viewed "'in its entirety.'" Valnor, 451 F.3d at 750 (citation omitted).

**AFFIRMED.**

---

[2]Indeed, we note that the record appears to reflect that Edinson's co-defendants had not yet been sentenced at the time of Edinson's sentencing.