[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13817
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:09-cr-00022-RWS-SSC-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGELIO JUAREZ-REBOLLAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 1, 2011)

Before EDMONDSON, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Rogelio Juarez-Rebollar appeals his 78-month sentence, imposed after he

pleaded guilty to one count of conspiracy to possess cocaine with intent to

distribute, in violation of 21 U.S.C § 846, one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and one count of illegal entry into the United States, in violation of 8 U.S.C. § 1325(a).

Juarez-Rebollar contends that his 78-month sentence is procedurally and substantively unreasonable. We disagree, and find that Juarez-Rebollar's sentence is reasonable under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). At the sentencing hearing, the district court not only acknowledged that it considered the § 3553(a) factors, but explicitly discussed the co-defendant disparity issue. This is an adequate explanation for purposes of the procedural reasonableness inquiry. *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam).

In addition, the sentence fell at the low end of the applicable 78–97 guideline range, and we ordinarily expect guideline sentences to be reasonable. *Id.* at 788. The record shows that the district court correctly calculated the guideline range, considered the 18 U.S.C. § 3553(a) factors, and considered Juarez-Rebollar's personal circumstances. We also note that Juarez-Rebollar's sentence was well below the statutory maximum of 30 years. *See United States v. Valnor*, 451 F.3d 744, 751–52 (11th Cir. 2006) (using the fact that a given sentence is significantly lower than the statutory maximum as an indicator of

reasonableness).  Consequently, the district court did not abuse its discretion in concluding that a sentence at the low-end of the guidelines range was necessary to comply with the purposes of § 3553(a).

Moreover, we have held that "[d]isparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal." *United States v. Regueiro*, 240 F.3d 1321, 1325–26 (11th Cir. 2001) (per curiam).  "While § 3553(a)(6) speaks of 'the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct,' the provision is more concerned with the unjustified differences across judges or districts than between co-defendants in a single case." *United States v. Edinson*, 209 F. App'x 947, 949 (11th Cir. 2006) (per curiam) (quoting *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006)).  Even if it were an appropriate basis for relief, Juarez-Rebollar has failed to show that his sentence was unreasonable when compared to the sentences of his co-defendants, especially because they were not similarly situated—most of his co-defendants gave substantial assistance to the government and received safety-valve reductions. Accordingly, Juarez-Rebollar's sentence was both procedurally and substantively reasonable.

**AFFIRMED.**

3