[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14717
Non-Argument Calendar
_____

D. C. Docket No. 07-10020-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSMIN VIDAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 29, 2008)**

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Osmin Vidal appeals his 36-month sentence imposed after he pleaded guilty

to conspiracy to smuggle aliens into the United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(V)(I). He contends that the district court erred by: (1) failing to provide him notice that the court was considering an above-guidelines sentence; and (2) imposing a procedurally and substantively unreasonable sentence.

**I.**

Vidal first contends that the district court plainly erred by failing to provide him with notice that it was contemplating sentencing him above the advisory guidelines range. We generally review de novo questions of law. United States v. DeVegter, 439 F.3d 1299, 1303 (11th Cir. 2006). However, Vidal did not object before the district court to the lack of notice, so this argument is subject to plain error review. See United States v. Aguillard, 217 F.3d 1319, 1320–21 (11th Cir. 2000).

Plain error exists only where: (1) there is an error; (2) the error is plain or obvious; and (3) the error affects the defendant's substantial rights. United States v. Olano, 507 U.S. 725, 732–34, 113 S. Ct. 1770, 1776–78 (1993). When these three factors are met, this Court may then exercise its discretion and correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 732, 113 S. Ct. at 1776.

Federal Rule of Criminal Procedure 32(h) requires that:

2

Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

Fed. R. Crim. P. 32(h); see Burns v. United States, 501 U.S. 129, 138, 111 S. Ct. 2182, 2187 (1991). We have held that this notice requirement, addressed as it is to departures from the guidelines, does not apply to variances from the guidelines under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). United States v. Irizarry, 458 F.3d 1208, 1212 (11th Cir. 2006), cert. granted, 128 S. Ct. 828 (2008). "After Booker, parties are inherently on notice that the sentencing guidelines range is advisory[, and] parties cannot claim unfair surprise or inability to present informed comment . . . when a district court imposes a sentence above the guidelines range based on the section 3553(a) sentencing factors." Id.

Under the prior panel precedent rule, we cannot overturn Irizarry's holding that advance notice is not required before the district court imposes a sentence above the advisory guidelines range. United States v. Steele, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (en banc). Therefore, under the law of this circuit, the district court did not err by failing to provide Vidal with notice that it was considering an above-guidelines sentence.

In his reply brief, Vidal points out that the Supreme Court has granted

3

certiorari in Irizarry, and argues that if the Court were to determine that prior notice is required before a sentencing court considers varying above the guidelines range, he would be entitled to relief. We have held, however, that a grant of certiorari does not change circuit law or free us from following prior panel precedent. Ritter v. Thigpen, 828 F.2d 662, 665–66 (11th Cir. 1987) ("A grant of certiorari does not constitute new law."); Robinson v. Crosby, 358 F.3d 1281, 1284 (11th Cir. 2004) ("[T]he grant of certiorari alone is not enough to change the law of this circuit"). We remain bound by our decision in Irizarry unless and until the Supreme Court reverses it.

Even if the Supreme Court does reverse our decision in Irizarry, it will remain to be determined whether Vidal can meet the third requirement of the plain error rule by showing substantial prejudice. And if he can, we will then have to determine whether the asserted error seriously affects the fairness, integrity, or public reputation of judicial proceedings so that this Court should exercise its discretion to correct the error even though there was no objection to it in the district court.

## II.

Vidal also contends that the district court imposed a procedurally and substantively unreasonable sentence on him because: (1) the court considered

4

impermissible sentence factors; (2) his above-guidelines range sentence, which was higher than those received by many of his codefendants, resulted in an unwarranted sentencing disparity; (3) the court offered no extraordinary justifications for the departure; (4) the court unreasonably focused on a single sentencing factor, deterrence, while ignoring other factors; and (5) the district court failed to consult the policy statements regarding departures.

We review de novo whether the court considered an improper sentence factor. United States v. Williams, 456 F.3d 1353, 1361–62 (11th Cir. 2006), cert. dismissed, 127 S. Ct. 3040 (2007), abrogated on other grounds by Kimbrough v. United States, 552 U.S. ___, 128 S. Ct. 558 (2007). "[T]he party challenging the sentence bears the initial burden of establishing that the district court considered an impermissible factor at sentencing." Id. at 1361. If a preserved error exists, we will vacate the sentence unless the error was harmless such that "the record as a whole shows the error did not substantially affect the district court's selection of the sentence imposed." Id. at 1362.

We review the ultimate sentence imposed by the district court for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). Recently, the Supreme Court clarified that this means courts of appeal are to review sentences only for an abuse of discretion. Gall v. United States, 552 U.S.

5

___, ___, 128 S. Ct. 586, 597 (2007). We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range." Id. To that end the district court judge "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. ___, ___, 127 S. Ct. 2456, 2468 (2007).

If the district court's decision is procedurally reasonable, our analysis then turns to the substantive reasonableness of the sentence. Gall, 128 S. Ct. at 597. Reasonableness review is deferential and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Talley, 431 F.3d at 788. "In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors" rather than reviewing each individual decision made during the sentencing process. United States v. Valnor, 451 F.3d 744, 750 (11th Cir. 2006). Furthermore, "[t]he

weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court," and we "will not substitute our judgment in weighing the relevant factors." Williams, 456 F.3d at 1363; see also United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).

"We will only reverse a procedurally proper sentence if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. McBride, 511 F.3d 1293, 1297–98 (11th Cir. 2007) (quotation and citation omitted). The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the kinds of sentences available; (6) the Sentencing Guidelines range; (7) pertinent policy statements of the Sentencing Commission; and (8) the need to avoid unwanted sentencing disparities.

Talley, 431 F.3d at 786 (summarizing 18 U.S.C. § 3553(a)).

Furthermore, we have noted that "a district court's unjustified reliance on any one Section 3553(a) factor may be a symptom of an unreasonable sentence." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). "Likewise, a sentence may be substantively unreasonable when the district court selects the

7

sentence arbitrarily, bases the sentence on impermissible factors or fails to consider pertinent section 3553(a) factors." Id. at 1191–92 (quotation omitted). Nevertheless, "while the application of these analyses may suggest an unreasonable sentence, they do not necessarily make a sentence unreasonable" because reasonableness depends on an evaluation of the totality of the circumstances. Id. at 1192; see also Gall, 128 S. Ct. at 600 (holding that a district court did not commit reversible error simply because it "attached great weight" to one factor).

In Gall, the Supreme Court rejected "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range" and rejected "the use of a rigid mathematical formula . . . for determining the strength of the justifications required for a specific sentence." Gall, 128 S.Ct. at 594–95. The Supreme Court stated that a "proportional review" is "inconsistent with the rule that the abuse-of-discretion standard of review applies to appellate review of all sentencing decisions-whether inside or outside the Guidelines range." Id. at 596. When a sentencing judge determines that a non-guideline sentence is warranted, "he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Id. at 597. Nevertheless, "a major departure should be supported by a more significant

justification than a minor one," and an appellate court reviewing the sentence may "take the degree of variance into account and consider the extent of a deviation from the Guidelines." Id. at 595, 597. The appellate court, however, "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Id. at 597.

Vidal contends that the district court erred by considering impermissible factors when imposing a sentence outside the advisory guidelines range: (1) the need to afford deterrence in the South Florida community; and (2) the risk that smuggling aliens into this country poses to law enforcement. Contrary to Vidal's contentions, both of these considerations are reflected in the § 3553(a) factors. The danger to law enforcement that alien smuggling poses fits within the factors requiring the court to examine the seriousness of the offense, 18 U.S.C. § 3553(a)(2)(A), and the need to promote respect for the law, id. Another one of the § 3553(a) factors requires the court to examine the need for the sentence imposed "to afford adequate deterrence to criminal conduct," id. § 3553(a)(2)(B), which is what the district court did. The factors the district court considered are not impermissible ones.

Moreover, we conclude that Vidal has not shown that his sentence was either procedurally or substantively unreasonable. As we have mentioned, at his sentence hearing, the district court explicitly considered the danger to law enforcement officers that Vidal's offense posed, id. § 3553(a)(2)(A), the need to promote respect for the law, id., and the need to afford adequate deterrence, id. § 3553(a)(2)(B). The court also considered the nature and circumstances of the offense, id. § 3553(a)(1), (a)(2), explaining that the conspiracy to smuggle aliens was "broad and deep in scope with a number of individuals that were involved." The court emphasized that Vidal failed to perceive the seriousness of the offense, and that a sentence within the guidelines range would not provide adequate deterrence to prevent him and others from committing this type of crime. As a result, the district court believed that an above-guidelines sentence was appropriate.

Although the court attached substantial weight to two factors, the seriousness of the offense and the need for deterrence, this does not mean that the resulting sentence, which is well below the statutory maximum of ten years imprisonment, is unreasonable. See Gall, 128 S. Ct. at 600. The district court justified its reliance on those two factors by explicitly stating why it found the offense to be so serious, and why it believed that an above-guidelines sentence was

10

necessary to provide adequate deterrence against this type of crime. Because the district court adequately explained why it varied above the guidelines range, and because it is within the district court's discretion to decide how much weight to give each § 3553(a) factor, see Williams, 456 F.3d at 1363, Vidal has not shown that his 36-month sentence was either procedurally or substantively unreasonable, see Gall, 128 S. Ct. at 597.

The fact that some of Vidal's codefendants received shorter sentences than he did does not mandate a different result. Vidal emphasizes that one of his codefendants, Jesus Rodriguez, who was an organizer of the conspiracy, received only a 24-month sentence. That lower sentence reflected Rodriguez's substantial assistance to the government, and Vidal has not shown that he provided similar assistance. Vidal also argues that other of his codefendants received shorter sentences than he did, but we have held that "[d]isparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal." United States v. Regueiro, 240 F.3d 1321, 1325–26 (11th Cir. 2001). If it were, we would be creating disparities between the sentences given the defendants in the case under review and those given similarly situated defendants in other cases. United States v. Chotas, 968 F.2d 1193, 1198 (11th Cir. 1992).

**AFFIRMED.**