**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Anthony CHOTAS, Defendant–Appellee.**

No. 91–8206.

United States Court of Appeals,
Eleventh Circuit.

Aug. 18, 1992.

Amy D. Levin, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellant.

Rise Weathersby, Federal Defender Program, Atlanta, Ga., for defendant-appellee.

Before BIRCH, Circuit Judge, JOHNSON * and BOWNES **, Senior Circuit Judges.

PER CURIAM:

This appeal follows resentencing by the district court after a remand by a panel of this Court. *See United States v. Chotas,* 913 F.2d 897 (11th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1421, 113 L.Ed.2d 473 (1991). For the reasons that

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

follow, we again vacate Chotas' sentence and remand for resentencing.

## I. STATEMENT OF THE CASE

Appellee Anthony Chotas was indicted on one count of possession with intent to distribute cocaine, in violation of 21 U.S.C.A. § 846 (West Supp.1992), and one count of aiding and abetting with intent to distribute cocaine, in violation of 21 U.S.C.A. § 841 (West 1981 & Supp.1992) and 18 U.S.C.A. § 2 (West 1969). On February 16, 1989, a jury convicted Chotas on both counts. Following his conviction but prior to sentencing, Chotas testified for the government in the trial of his former co-defendant, John Fickle.

At Chotas' sentencing hearing, the court determined the applicable offense level to be 22, yielding a sentencing range of 41 to 51 months for each count. The sentencing court then made a downward departure pursuant to U.S.S.G. § 5K1.1, finding over the government's objection that Chotas rendered "substantial assistance" to the government in its prosecution of Fickle. The court sentenced Chotas to concurrent sentences of 28 months imprisonment, followed by five years of supervised release.

Both Chotas and the government appealed. A panel of this Court affirmed the conviction but remanded the case for resentencing after finding that the district court had departed downward under section 5K1.1 absent a required government motion suggesting such departure. *See United States v. Chotas,* 913 F.2d 897 (11th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1421, 113 L.Ed.2d 473 (1991).

The district court on remand reimposed the sentence of 28 months imprisonment by basing the downward departure on section 5K2.0 rather than on section 5K1.1. The sentencing court tendered the following mitigating circumstances for its departure pursuant to section 5K2.0: (1) Chotas was substantially less responsible than Fickle for their crimes of conviction; (2) Chotas posed a lesser danger to society than Fick-

** Honorable Hugh H. Bownes, Senior U.S. Circuit Judge for the First Circuit, sitting by designation.

le; (3) Chotas provided testimony that was of substantial assistance to the government in its prosecution of Fickle; (4) absent a downward departure, there would be an "insufficient disparity" between Fickle's sentence of 78 months and Chotas' sentence of 41 months; (5) Chotas' testimony against Fickle demonstrated Chotas' attempt to "rehabilitate himself and make amends to society for his criminal conduct"; (6) Chotas in offering his testimony willfully exposed himself to a meaningful degree of danger; (7) by contributing to Fickle's conviction, Chotas provided a benefit to both the government and society.

The government again appeals the sentence, charging that the district court's unguided departure under section 5K2.0 "merely reflects an attempt to evade this [C]ourt's ruling on the government's appeal of the defendant's original sentence." The government argues that the departure remains unjustified because the "mitigating circumstances" cited by the district court are each contemplated by the Sentencing Guidelines.

## II. ANALYSIS

■ A sentencing court may depart from the sentencing range prescribed by the applicable guidelines if the court determines that " 'there exists an aggravating or mitigating circumstance of a kind, or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.' " U.S.S.G. § 5K2.0 (quoting 18 U.S.C.A. § 3553(b)). A departure may be appropriate if the conduct in question falls outside of the "heartland" of typical conduct described by each of the guidelines. *See United States v. Ponder*, 963 F.2d 1506, 1509–10 (11th Cir. 1992); *United States v. Williams*, 948 F.2d 706, 709 & n. 3 (11th Cir.1991). A sentencing court therefore properly departs even if the circumstances presented by the case vary only in degree from that embodied by the guideline. *Ponder*, 963 F.2d at 1509; *Williams*, 948 F.2d at 709; *see also* U.S.S.G. Ch. 1, Pt. A 4(b).

This Court employs a three-step test to determine whether a sentencing court's de-

parture from the guidelines was justified. *See United States v. Kramer*, 943 F.2d 1543, 1548–49 (11th Cir.1991); *United States v. Weaver*, 920 F.2d 1570, 1573 (11th Cir.1991). First, this Court must make a *de novo* determination of whether the guidelines adequately consider the district court's cited justification for the departure. *See Weaver*, 920 F.2d at 1573. The second step requires the appellate court to examine whether the sentencing court clearly erred in its assessment of the factual support for the departure. *Id.* Finally, if the departure has met the first two requirements of the test, this Court must ascertain whether the degree of the departure was reasonable. *Id.*

■ Of the seven considerations cited by the district court to justify the downward departure under section 5K2.0, three directly relate to Chotas' assistance to the government in its prosecution of Fickle: (1) that Chotas provided substantial assistance to the government by testifying in Fickle's trial; (2) that Chotas, by testifying, exposed himself to a "meaningful degree of danger"; (3) that Chotas provided a benefit to the government and to society by offering testimony that assisted in the conviction of Fickle.

Section 5K1.1 addresses each of these three justifications. This section expressly provides that the sentencing court may make a downward departure for a defendant's "substantial assistance in the investigation or prosecution of another person who has committed an offense." U.S.S.G. § 5K1.1. The sentencing court determines whether the defendant's assistance was substantial by assessing the "nature and extent of the defendant's assistance." U.S.S.G. § 5K1.1(a)(3). The court likewise considers "any danger or risk of injury to the defendant." U.S.S.G. § 5K1.1(a)(4). Finally, the sentencing court assesses the ultimate benefit of the testimony to the government and to society by weighing the "significance" and "value" of the defendant's assistance. U.S.S.G. § 5K1.1(a)(1), application note 3, and background commentary. We therefore find these three

grounds for the departure are adequately comprehended by section 5K1.1.

■ Chotas alternatively argues that the sentencing court may still make a departure under section 5K2.0 for reasons contemplated by section 5K1.1 because his sentence otherwise will not reflect his assistance to the government. This argument is without merit. A sentencing court is not free to ignore a requirement for a particular adjustment under the guidelines: "[i]f the Commission *did* adequately consider a certain aggravating or mitigating circumstance, departure must be in accordance with the Commission's directive." *Chotas,* 913 F.2d at 900. *A fortiori,* a sentencing court may not simply circumvent that directive by departing under a separate guideline for the same mitigating circumstance.[1] *Accord United States v. Agu,* 949 F.2d 63, 65–66 (2d Cir.1991) *cert. denied,* —— U.S. ——, 112 S.Ct. 2279, 119 L.Ed.2d 205 (1992). We conclude that the district court improperly bypassed the prerequisite for a departure under section 5K1.1 for substantial assistance to the government by using the same mitigating circumstance to depart under section 5K2.0.

■ The district court's next basis for departure concerned Chotas' purported attempt to "rehabilitate himself and make amends to society for his criminal conduct." This Circuit has recently declared that rehabilitative considerations are "irrelevant for purposes of deciding whether or not to impose a prison sentence and, if so, what prison sentence to impose." *United States v. Mogel,* 956 F.2d 1555, 1563 (11th Cir.1992).

Assuming *arguendo* that making amends to society is a consideration separate from rehabilitation and otherwise unaccounted for in the guidelines,[2] there is simply no indication that Chotas was attempting to make amends for his crime by testifying. Instead, the district court in its initial sentencing hearing found that Chotas persisted in "refus[ing] to accept responsibility" for his crime, and that during Fickle's trial Chotas had engaged in deceit regarding his own knowledge of and involvement in the offense. In light of his denial of all responsibility for the offense and his willingness to lie about his own role when testifying about Fickle's involvement in the offense, we find that Chotas' testimony was not motivated by a desire to atone for his offense, but rather was entirely consistent with an attempt to qualify for a downward departure for assistance pursuant to section 5K1.1. The district court's departure under section 5K2.0 for reasons of rehabilitation and atonement was therefore improper.

■ Yet another reason cited by the sentencing court to justify its departure was the supposed lesser danger Chotas posed to society than his co-defendant. We find that the guidelines cumulatively address

---

1. Chotas cites *United States v. Aimufua,* 935 F.2d 1199 (11th Cir.1991), for the proposition that the same underlying circumstance may trigger two separate provisions of the guidelines. The defendant in *Aimufua* had committed bank fraud while on bail for an offense to which he had pled guilty. The sentencing court properly declined to award a two-level reduction for acceptance of responsibility because this subsequent offense demonstrated that the defendant had not terminated his criminal conduct. *See* U.S.S.G. § 3E1.1 application note 1 (termination of criminal conduct relevant to determination of acceptance of responsibility). The court additionally departed upward under § 5K2.0 in order to account for the bank fraud defendant had committed. The *Aimufua* Court affirmed. *Aimufua,* 935 F.2d at 1201.

The instant case is easily distinguished. The *Aimufua* Court found that the commentary to section 3E1.1 specifically provides for consideration of conduct that may have triggered another guideline section. *Id.* More importantly, the sentencing court's application of both § 3E1.1 and § 5K2.0 was motivated by separate sentencing considerations, *see id.,* and thus employment of both sections did not undermine the requirements or goals of either section.

2. Insofar as Chotas' attempt to make amends encompasses a demonstration of remorse, such remorse is already reflected in section 3E1.1, which allows for a two-level reduction in the offense level for acceptance of responsibility. *See United States v. Brewer,* 899 F.2d 503, 509 (6th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 127, 112 L.Ed.2d 95 (1990); *see also United States v. Garlich,* 951 F.2d 161, 163 (8th Cir. 1991) (departure beyond two-level reduction for acceptance of responsibility only justified in extraordinary circumstances).

this factor by requiring increases in offense levels for aggravating circumstances related to a criminal's potential threat to society. *See, e.g.,* §§ 2D1.1(b)(1) (possession of dangerous weapon); 3A1.1 (praying upon vulnerable victim); 3B1.1 (role as organizer, leader, manager or supervisor of criminal activity); 3B1.3 (abuse of position of trust or special skill); 3C1.1 (obstruction of justice); 4A1.1 (prior criminal history).

Insofar as the district court intended "dangerousness to society" to account for defendant's likelihood of recidivism, the court had already placed Chotas in criminal history category I, a classification reserved for "a first offender with the lowest risk of recidivism." U.S.S.G. § 4A1.3, p.s. A downward departure from the category I guideline range for reasons relating to recidivism is therefore inappropriate. *Id.; see Mogel,* 956 F.2d at 1565–66; *United States v. Russell,* 917 F.2d 512, 517–18 (11th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1427, 113 L.Ed.2d 479 (1991).

■ Assuming without deciding that the guidelines might not adequately consider the relative danger posed to society by all potential co-defendants, the sentencing court failed to enumerate any exceptional circumstances presented by the instant case. The district court's sole explanation for Fickle's supposed greater threat was his relative role in the offense. Fickle, however, had already received an upward departure pursuant to section 3B1.1 for his organizational role in the offense. Likewise, Chotas had been awarded a downward adjustment under section 3B1.2 in light of his "minor" role in the crime. We thus find no basis in law or in fact for the sentencing court's departure for reason of Fickle's "greater danger to society."

■ The district court's two final reasons for departure also present improper considerations for departure from the guidelines under section 5K2.0. The district court explained that the guidelines failed to account for the fact that Fickle was at least three times as culpable for the offense of conviction than Chotas. Later, in an apparently related point, the court objected to the "insufficient disparity" between the sentences of Fickle and Chotas absent a downward adjustment for Chotas.

This Court has not addressed whether a departure may be made for an apparent failure of the guidelines to consider adequately the varying degrees of culpability of co-defendants. Congress enacted the Sentencing Guidelines in large part to eliminate disparities in the sentences meted out to similarly situated defendants. *See* U.S.S.G., Ch. 1, Pt. A, at § 1.2–1.3; *United States v. Rolande–Gabriel,* 938 F.2d 1231, 1235 (11th Cir.1991). Proper application of the guidelines, then, should yield correspondingly different sentences for defendants culpable in different degrees.

Congress has specifically instructed sentencing courts to consider "the need to avoid *unwarranted* sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C.A. § 3553(a)(6) (West Supp.1992) (emphasis added). Chotas contends that this prescribed consideration, particularly as viewed within the context of the general goals of the sentencing guidelines, authorizes a court to readjust the sentences of defendants in an individual case to reflect their relative culpability. The Fourth and Tenth Circuits agree with this position and permit such departures. *See United States v. Daly,* 883 F.2d 313, 319 (4th Cir.1989), *cert. denied,* — U.S. —, 111 S.Ct. 1030, 112 L.Ed.2d 1111 (1991); *United States v. Sardin,* 921 F.2d 1064, 1067 (10th Cir.1990).

We believe that Chotas presents a simplistic view of the purpose of the guidelines and of proper sentencing considerations. The guidelines, structured to account for relative culpability and differences in prior records of defendants, demonstrate that the Sentencing Commission fully anticipated sentencing disparity between defendants involved in the same offense. Unless a sentencing court can identify a specific factor not adequately considered by the guidelines in either type or degree, the court's adjustment of sentences constitutes little more than the substitution of the court's own beliefs regarding proper sen-

tencing considerations for those of the Commission.

"Insufficient disparity" in the sentences of defendants therefore represents an improper ground for departure. As the majority of circuit courts has recognized, to adjust the sentence of a co-defendant in order to cure an apparently unjustified disparity between defendants in an individual case will simply create another, wholly unwarranted disparity between the defendant receiving the adjustment and all similar offenders in other cases. *See United States v. Mejia,* 953 F.2d 461, 468 (9th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1983, 118 L.Ed.2d 581 (1992); *United States v. LaSalle,* 948 F.2d 215, 218 (6th Cir.1991); *United States v. Wogan,* 938 F.2d 1446, 1448 (1st Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 441, 116 L.Ed.2d 460 (1991); *United States v. Restrepo,* 936 F.2d 661, 670–71 (2d Cir.1991); *United States v. Carr,* 932 F.2d 67, 73 (1st Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 112, 116 L.Ed.2d 82 (1991); *see also United States v. Guerrero,* 894 F.2d 261, 269–70 (7th Cir. 1990) (disparity of co-defendant's sentences not basis for challenge); *United States v. Boyd,* 885 F.2d 246, 248–49 (5th Cir.1989) (same).

## III. CONCLUSION

None of the grounds cited by the district court on remand justifies a downward departure from the sentencing guidelines under U.S.S.G. § 5K2.0. We therefore again REMAND the case to the district court for resentencing in accordance with the principles set forth above.