[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 8, 2008
THOMAS K. KAHN
CLERK

No. 06-14961
Non-Argument Calendar

_____

D. C. Docket No. 04-60321-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHERMAN WILLIAMS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 8, 2008)**

Before ANDERSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

Sherman Williams, Jr. appeals his 180-month sentence following a guilty

plea for conspiring to import more than 150 kilograms of cocaine into the United States in violation of 21 U.S.C. §§ 952(a), 963, and 960 (b)(1)(B). Williams contends on appeal that his sentence is unreasonable because his brother, Frank Williams, received a significantly shorter sentence despite being one of his co-conspirators and engaging in the same criminal conduct. According to Williams, because the Presentence Investigation Report established that both he and his brother were responsible for 300 kilograms of cocaine, it was unreasonable to calculate his sentence based on the entire quantity of drugs when his brother's sentence was calculated based on only 5 to 15 kilograms of cocaine. Williams points to 18 U.S.C. § 3553(a)(6) and argues that this Court should find his sentence unreasonable and thereby avoid an unwarranted sentencing disparity, which he contends is especially significant in this case because it occurred between two brothers.

Finally, Williams argues that the unreasonableness of his sentence is highlighted by the fact that there was no violence associated with his offense, he did not participate in the actual transportation of the cocaine, he has no prior drug convictions, and he has been cooperating with the police regarding an unrelated murder prosecution.

After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), a district

court determining a reasonable sentence must consider the correctly calculated sentencing range under the Sentencing Guidelines as well as the factors set forth in 18 U.S.C. § 3553(a) . United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam).  We review the final sentence imposed by the district court for reasonableness, and our review is deferential.  Id. at 788.  "[W]e do not, as the district court did, determine the exact sentence to be imposed" because the district court is free to "impose a sentence that is either more severe or lenient than the sentence we would have imposed" as long as that sentence is reasonable.  Id.  The party challenging the sentence bears the burden of establishing that it is unreasonable in light of both the record and the § 3553(a) factors.  Id.

In determining whether a sentence is reasonable, we are guided by the factors outlined in § 3553(a) as well as the district court's reasons for imposing the particular sentence.  United States v. Williams, 456 F.3d 1353, 1360–61 (11th Cir. 2006).  The factors set forth in § 3553(a) include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct; (4) the need to protect the public from further crimes of the defendant; (5) the need to provide the defendant with needed training

3

or medical care; (6) the kinds of sentences available; (7) the sentencing guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentence disparities; and (10) the need to provide restitution to victims.  See 18 U.S.C. § 3553(a)(1)–(7).

"Although sentencing courts must be guided by these factors, nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors" or to discuss each of them. United States v. Thomas, 446 F.3d 1348, 1357 (11th Cir. 2006) (internal quotation marks and citation omitted).  Instead, "an acknowledgment by the district judge that he or she has considered the § 3553(a) factors will suffice." United States v. Amedeo, 487 F.3d 823, 833 (11th Cir. 2007).  Furthermore, the "weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court.  We will not substitute our judgment in weighing the relevant factors . . . ." Williams, 456 F.3d at 1363.

It is also significant that this Court has previously recognized that a "[d]isparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal." United States v. Regueiro, 240 F.3d 1321, 1325–26 (11th Cir. 2001) (per curiam) (rejecting an argument that the district court's imposition of an upward departure for the defendant but not her

4

codefendant violated the principle of uniformity of sentencing). "[T]o adjust the sentence of a co-defendant in order to cure an apparently unjustified disparity between defendants in an individual case will simply create another, wholly unwarranted disparity between the defendant receiving the adjustment and all similar offenders in other cases." United States v. Chotas, 968 F.2d 1193, 1198 (11th Cir. 1992) (per curiam).

After review of the record and consideration of the parties' briefs, we conclude that Williams' sentence was reasonable. As an initial matter, the district court acknowledged that it had an obligation to consider the § 3553(a) factors. See Amedeo, 487 F.3d at 833. The court also spent a considerable amount of time discussing the very § 3553(a) factor that Williams focuses on here: "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." See 18 U.S.C. § 3553(a)(6). Although the district court noted that it had been concerned about this disparity, the court explained that Williams' brother was allowed to plead guilty to a smaller quantity of drugs because at that time the government did not have credible, corroborating evidence regarding the actual amount of cocaine. Ultimately, the district court concluded that it would be inappropriate to harmonize Williams' sentence with that of his brother—a conclusion that is in accord with this Court's recognition in

5

Chotas that such adjustments merely result in "another, wholly unwarranted disparity" between the defendant and similar offenders in other cases. Chotas, 968 F.2d at 1198.

The district court also addressed the § 3553(a) factor concerning "the nature and circumstances of the offense." See 18 U.S.C. § 3553(a)(1). The court noted that Williams had engaged in serious criminal conduct by deciding to help bring drugs into the United States and that his involvement in the conspiracy was extensive. In light of those facts, the district court concluded that a 180-month sentence, which was below the applicable guideline range, was appropriate.

We cannot say that the district court's careful and thorough consideration of those factors was flawed or that its conclusion was unreasonable. The weight to be accorded any specific § 3553(a) factor is a matter committed to the sound discretion of the district court. See Williams, 456 F.3d at 1363.

**AFFIRMED.**