[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15648
Non-Argument Calendar

_____

D. C. Docket No. 07-00027-CR-T-17EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YEFER DIONICIO MORENO-GOMEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 3, 2008)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Yefer Dionicio Moreno-Gomez is appealing his 168-month sentence

imposed after he pled guilty to one count of conspiracy to possess with intent to distribute at least five kilograms of cocaine and one count of possession with intent to distribute at least five kilograms of cocaine, both while aboard a vessel subject to the jurisdiction of the United States. On appeal, Moreno-Gomez argues that the district court erred in denying his request for a minor-role reduction, and he contends that a 168 month sentence is unreasonable in light of the 18 U.S.C. § 3553(a) factors. Based on our review of the record and the legal arguments, we discern no reversible error and therefore AFFIRM.

## I. BACKGROUND

According to the undiputed facts in the presentence investigation report ("PSI"), Yefer Dionicio Moreno-Gomez was one of five crew members aboard a fishing vessel carrying approximately 2,313 kilograms of cocaine in international waters. The United States Coast Guard boarded the vessel after receiving a report that it was stopped and not fishing. Once on board, Coast Guard personnel observed several bales of cocaine in plain view and ultimately recovered 106 bales of cocaine. The crew on board the vessel consisted of three Costa Rican nationals (the captain, a deck hand, and a fisherman) and two Colombian nationals (two deck hands, one of whom was Moreno-Gomez). The Costa Rican government elected to retain jurisdiction over the three Costa Rican nationals aboard the vessel, but the

2

two Colombian nationals, Moreno-Gomez and his co-defendant, were brought to the Middle District of Florida for prosecution.

Moreno pled guilty to one count of conspiracy to possess with intent to distribute at least five kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii); and one count of possession with intent to distribute at least five kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2. Based on the charges against him, Moreno-Gomez's base offense level was determined to be 38, pursuant to U.S.S.G. § 2D1.1(c)(1). He also received a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and a one-level reduction for timely notifying authorities of his intention to plead guilty pursuant to U.S.S.G. §§ 3E1.1(a) and (b). With a total offense level of 35 and criminal history category I, Moreno-Gomez's Guideline imprisonment range was 168-210 months.

Moreno-Gomez objected to not being given a two-level reduction under the safety valve provisions. He also objected to not receiving a minor-role reduction, arguing that he was entitled to such a reduction because: (1) he was not the owner

3

of the vessel; (2) he was not the owner of the drugs; (3) he did not plan the route; and (4) he did not determine who was to receive the drugs. The probation officer responded that Moreno-Gomez was not entitled to such a reduction because of the amount of cocaine on board the vessel as well as the small size of the crew and Moreno-Gomez's role as a guard. At the sentencing hearing, the district court overruled Moreno-Gomez's objection to not being given a two-level reduction for the safety valve provisions and his objection that he should receive a minor-role reduction. R4 at 5,12-18. Regarding the minor-role reduction, the district court agreed with the probation officer's position. Id. at 18.

The district court sentenced Moreno-Gomez to 168 months imprisonment and five years' supervised release. Id. at 26. The district court stated:

> After considering the advisory sentencing guidelines and all of the factors identified in Title 18, United States Code, Section 3353(a)(1) through (7), the Court finds that the sentence imposed is sufficient but not greater than necessary to comply with the statutory purposes of sentencing. Sentence imposed is reasonable and adequate.

Id. at 27-28. The district court asked whether counsel for the defendant or the government had any objections to the sentence, other than those previously stated for the record. Id. at 28. Moreno-Gomez's counsel objected to the reasonableness of the sentence. Id.

4

## II.  DISCUSSION

On appeal, Moreno-Gomez first argues that he should have been given a minor-role reduction based on his limited role in the smuggling operation.  We have "long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." United States v. De Varon 175 F.3d 930, 937 (11th Cir. 1999) (en banc).  Second, Moreno-Gomez contends that his sentence of 168 months is unreasonable based on the district court's failure to properly consider the § 3553(a) factors.  We review final sentences imposed by the district court for reasonableness under an abuse of discretion standard.  United States v. Agbai, 497 F.3d 1226, 1229 (11th Cir. 2007) (per curiam);  Gall v. United States, 552 U.S.  __, 128 S. Ct. 586, 597 (2007).

### A. Minor-role Reduction

A district court may reduce a defendant's base offense level by two if the defendant was a minor participant in the offense.  U.S.S.G. § 3B1.2.  In determining whether a minor-role reduction is warranted, a district court performs a two-prong analysis examining (1) "the defendant's role against the relevant conduct for which he was held accountable," and (2) the defendant's "role as compared to that of other participants in [his] relevant conduct." De Varon, 175 F.3d at 940.  The district court may consider any and all facts probative of the

5

defendant's role in the relevant conduct. Id. at 943. In the drug courier context, relevant facts include, but are not limited to: the "amount of drugs, fair market value of the drugs, amount of money to be paid to the courier, equity interest in the drugs, role in planning the criminal scheme, and role in the distribution." Id. at 945. We have not foreclosed the possibility that the amount of drugs in a courier's possession may be dispositive in the extreme case. Id. at 943. The defendant bears the burden of establishing that he deserves a downward adjustment be a preponderance of the evidence. Id. at 939.

According to the record, the district court considered two relevant factors under De Varon: (1) the quantity of drugs, and (2) Moreno-Gomez's role as a deck hand on the vessel, the same role held by three of the five crew members. R4 at 19; De Varon, 175 F.3d at 942-43. Moreno-Gomez argues that the court clearly erred in refusing to consider that he neither owned any drugs nor had any role in the distribution of the drugs. However, he does not argue that his role was different from that of the other crew members. His assertion that he neither owned the drugs nor had any role in their distribution is an attempt to compare his conduct with the conduct of those in the wider conspiracy, not those who were involved in the specific conduct for which he is being held accountable. See DeVaron, 175 F.3d at 940. Moreno-Gomez played a significant role in the crimes for which he is

6

being charged. Thus, the district court properly applied the analysis established by DeVaron and did not clearly err in denying Moreno-Gomez a minor-role reduction.

**B. Reasonableness**

The Supreme Court in Gall reviewed the reasonableness of a defendant's sentence in light of the factors laid out in § 3553(a). Gallu, 128 S. Ct. at 598. The § 3553(a) factors include, among others, the nature and circumstances of the offense, the history and characteristics of the defendant, the sentencing guideline range, and the need to avoid unwanted sentencing disparities. 18 U.S.C. § 3553(a). The district court is not required to state that it explicitly considered all the § 3553(a) factors or discuss each factor on the record. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). "[T]here is a range of reasonable sentences from which the district court may choose" and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both that record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). When a sentence is within the Guidelines, we do not presume reasonableness, but "ordinarily we would expect a sentence within the Guideline range to be reasonable." Id.

Given that Moreno-Gomez's 168 month sentence is within the Guideline range of 168-210 months, he must offer evidence to show his sentence is

unreasonable in light of the § 3553(a) factors. Id. at 788. In his brief, Moreno-Gomez argues that he should have been given a shorter sentence due to his difficult childhood, family responsibilities, poverty, and lack of education. The district court judge had these facts available to her and stated that she considered all the § 3553(a) factors. The district court judge did not have to explicitly address every § 3553(a) factor during sentencing. Scott, 426 F.3d at 1329. We only reverse sentencing determinations for abuse of discretion and Moreno-Gomez has not shown that the district court abused its discretion.

Moreno-Gomez also argues that because his co-defendant was sentenced to only 108 months, the district court failed to avoid unwarranted sentence disparities according to § 3553(a). The other defendant in this case was sentenced based on an offense level of 33 which is lower than Moreno-Gomez's level of 35. His co-defendant received this two-level reduction for his substantial assistance in the prosecution of others. The offense level calculations and the structure of the Guidelines "demonstrate that the Sentencing Commission fully anticipated sentencing disparity between defendants involved in the same offense." United States v. Chotas, 968 F.2d 1193, 1197 (11th Cir. 1992) (per curiam). Additionally, Moreno-Gomez argues that his sentence will be longer than the sentences that the other men will receive in Costa Rica. However, the inclusion of

sentence disparity in the § 3553(a) factors is meant only to apply to "unwarranted disparities that exist[] in the federal criminal justice system, that system for which the Guidelines are governing law." United States v. Clark, 434 F.3d 684, 687 (4th Cir. 2006). The district court's imposition of a 168 month sentence was reasonable and did not create an unwarranted sentence disparity.

## III. CONCLUSION

Upon careful review of the sentencing transcript and the presentence investigation report, and upon consideration of the parties' briefs, we discern no reversible error. The district court correctly calculated the guidelines range and considered the factors in 18 U.S.C. § 3553(a). Moreno-Gomez has not shown that his sentence is unreasonable, and therefore we affirm the district court's ruling.

**AFFIRMED.**