[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12107
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cr-80110-DTKH-2


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JESUS M. ALVAREZ,
a.k.a. Maja,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 20, 2016)

Before WILLIAM PRYOR, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jesus Alvarez appeals his 300-month sentence, imposed within the Sentencing Guidelines range after he pled guilty to one count of conspiracy with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Alvarez played a key role in a sophisticated cocaine trafficking operation that purchased significant quantities of cocaine in Texas and transported the cocaine hidden in tractor-trailers to Florida for distribution. On appeal, Alvarez argues that his sentence is procedurally and substantively unreasonable. Upon careful review of the parties' briefs and the record, we affirm.

We review sentencing decisions for an abuse of discretion. *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010). This standard of review reflects the due deference we give to district courts because they have an "institutional advantage in making sentencing determinations." *Id.* at 735 (internal quotation marks omitted).

Pursuant to 18 U.S.C. § 3553(a), the district court must impose a sentence sufficient but not greater than necessary to comply with the purposes set forth in § 3553(a)(2), including imposing a sentence that reflects the seriousness of the offense, promotes respect for the law, deters criminal conduct, and protects the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2).

2

The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

Reviewing the reasonableness of a sentence is a two-step process. "We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The party challenging the sentence bears the burden of showing it is unreasonable in the light of the record and the relevant factors. *Id.* Alvarez contends that his sentence is both procedurally and substantively unreasonable. We address these arguments in turn.

I.

"A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008).

3

Alvarez contends that his sentence is procedurally unreasonable for two reasons. First, Alvarez argues that at sentencing the district court improperly considered evidence indicating that he began trafficking drugs in 2006, even though his indictment only charged him with participating in a drug trafficking conspiracy beginning in 2009.[1] But Alvarez cites to no legal authority supporting his argument that the district court acted improperly by considering such evidence.[2] To the contrary, the evidence concerned the circumstances of Alvarez's offense and his history and characteristics, factors the court was obligated to consider when sentencing him. *See* 18 U.S.C. § 3553(a)(1); *see also United States v. Gomez*, 164 F.3d 1354, 1357 (11th Cir. 1999) ("[U]ncharged criminal activity outside of a charged conspiracy may be included in sentencing if the uncharged activity is sufficiently related to the conspiracy for which the defendant was convicted."); 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence."). We thus conclude that Alvarez has failed to demonstrate

---

[1] Alvarez does not dispute that he engaged in cocaine trafficking. He argues that the district court's consideration of evidence concerning when that conduct began was improper.

[2] Alvarez cites to a portion of the Sentencing Guidelines that directs courts to consider acts "that occurred during the commission of the offense of conviction" when deciding a defendant's base offense level. U.S.S.G. § 1B1.3. He infers from this provision that a sentencing court may not consider acts occurring *before* the commission of the offense of conviction for any purpose. Regardless, Alvarez never argues that the district court incorrectly calculated his base offense level. This provision of the Sentencing Guidelines therefore has no relevance to his arguments on appeal.

that the district court's consideration of this evidence rendered his sentence procedurally unreasonable.

Second, Alvarez argues that the district court incorrectly calculated his guidelines range by attributing to his personal conduct an excessive quantity of the drugs involved in the conspiracy. The calculation of a base offense level for drug distribution requires the district court to determine the quantity of illegal drugs properly attributable to the defendant being sentenced. *United States v. Frazier*, 89 F.3d 1501, 1506 (11th Cir. 1996). But even if the district court made a mistake in calculating the amount of cocaine attributable to Alvarez, the error would not have affected his guidelines range. At his sentencing hearing, Alvarez stipulated to being responsible for 450 kilograms of cocaine; as a result he received the highest applicable base offense level, 38, for the charged conduct. *See* U.S.S.G. § 2D1.1(c)(1). Thus, the alleged error by the district court had no effect on the calculation of his guidelines range, and his sentence was not procedurally unreasonable.

## II.

Having determined that the district court's sentencing decision was procedurally sound, we next consider the substantive reasonableness of Alvarez's sentence. A district court abuses its discretion and imposes a substantively unreasonable sentence if it "(1) fails to afford consideration to relevant [§ 3553(a)]

5

factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (internal quotation marks omitted). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court . . . ." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (internal quotation marks omitted). "[I]t is only the rare sentence that will be substantively unreasonable." *Rosales-Bruno*, 789 F.3d at 1256 (internal quotation marks omitted). Where, as here, a sentence is within the guidelines range, we ordinarily expect it to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). That a sentence is below the statutory maximum is a factor favoring its reasonableness. *See Gonzalez*, 550 F.3d at 1324.

Alvarez argues that his sentence was substantially harsher than those received by his co-defendants, despite the fact that his co-defendants played a similar role as he did in the trafficking scheme.[3] He reasons that this demonstrates an unwarranted sentencing disparity between the sentence he received and those his co-defendants received.

---

[3] Alvarez received a four-level sentence enhancement for his leadership role in the trafficking conspiracy. He does not appear to argue that the application of this enhancement was improper. Rather, he only takes issue with the fact that his co-defendants received substantially lower sentences than he did. Because he failed to argue this issue in his brief, to the extent Alvarez contends that he should not have received a four-level enhancement for his role in the conspiracy, we reject that argument as abandoned. *See United States v. Woods*, 684 F.3d 1045, 1064 n.23 (11th Cir. 2012).

While it is true 18 U.S.C. § 3553(a)(6) counsels courts to avoid unwarranted sentencing disparities among defendants, "[d]isparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal." *United States v. Regueiro*, 240 F.3d 1321, 1325-26 (11th Cir. 2001). Section 3553(a)(6) "seeks only to avoid *unwarranted* sentencing disparities." *United States v. Statham*, 581 F.3d 548, 556 (7th Cir. 2009) (emphasis added) (internal quotation marks omitted). Thus, "a defendant is not entitled to a lighter sentence merely because his co-defendants received lighter sentences." *United States v. Wallace*, 573 F.3d 82, 97 (1st Cir. 2009) (internal quotation marks omitted). This is because "adjust[ing] the sentence of a co-defendant in order to cure an apparently unjustified disparity between defendants in an individual case [would] simply create another, wholly unwarranted disparity between the defendant receiving the adjustment and all similar offenders in other cases." *United States v. Chotas*, 968 F.2d 1193, 1198 (11th Cir. 1992).

Even were we to compare Alvarez's sentence to that of his co-defendants, Alvarez has failed to establish that the discrepancy between the sentence he received and the sentences his co-defendants received is unwarranted. Alvarez played a unique role in the drug trafficking operation. Testimony presented at his sentencing hearing indicated that he was the leader of the conspiracy, that he was responsible for communicating with the source of the drugs being trafficked, and

7

that he had at least nine people working directly under him.[4]  Given the principal role Alvarez played in the conspiracy, we find no abuse of discretion in the district court's conclusion that Alvarez's conduct warranted a harsher sentence.

Furthermore, were we to conclude there was an unwarranted disparity between Alvarez's sentence and that of his co-defendants, we would nonetheless uphold Alvarez's sentence as reasonable because he has failed to demonstrate that this disparity outweighed the other § 3553(a) factors.  The need to avoid sentencing disparities is only one of several factors district courts consider when sentencing a defendant.  *See* 18 U.S.C. 3553(a).  And district courts are entitled to decide the weight accorded to each factor.  *Clay*, 483 F.3d at 743.  Aside from pointing to his co-defendants' sentences, Alvarez presents no reason to believe that his sentence is substantively unreasonable given all of the other § 3553(a) factors.  Rather, the fact that his sentence is within the guidelines range counsels in favor of its reasonableness, as does the fact that his sentence is below the statutory maximum.  *See Hunt*, 526 F.3d at 746; *see also Gonzalez*, 550 F.3d at 1324.

---

[4] There was, admittedly, conflicting testimony regarding the identity of the true leader of the trafficking conspiracy, with some testimony indicating that the leader was Alvarez's co-defendant Luis Diaz.  But it was within the district court's discretion to decide which of the conflicting testimony to credit.  "Where the district court has made a determination as to a witness's credibility, we afford that determination substantial deference." *United States v. Maddox*, 803 F.3d 1215, 1220 (11th Cir. 2015).  "We will accept a factfinder's credibility determination unless the proffered evidence is contrary to the laws of nature or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." *Id.* (internal quotation marks omitted).  We find no such exceptions applicable here.

Alvarez has failed to satisfy his burden of demonstrating that his sentence is substantively unreasonable. *See Tome*, 611 F.3d at 1378.

III.

In sum, we conclude that Alvarez has failed to demonstrate that his sentence is procedurally or substantively unreasonable. We therefore affirm the sentence the district court imposed.

**AFFIRMED.**