[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13806
Non-Argument Calendar

_____

D.C. Docket No. 2:14-cr-00647-MHT-SRW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(July 21, 2016)

Before JORDAN, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jose Hernandez appeals his 210-month sentence, imposed below the

advisory Sentencing Guidelines range.  Hernandez was found guilty of conspiracy

to distribute 500 grams or more of methamphetamine under 21 U.S.C. §§ 841(a)(1)

and 846 and possession with intent to distribute 50 grams or more of methamphetamine under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  The district court sentenced him to 210 months of incarceration and five years of supervised release.  Hernandez asserts his sentence was procedurally and substantively unreasonable.  After careful consideration, we affirm.

## I. BACKGROUND

Hernandez led a conspiracy with co-defendants Douglas Berry and Cristian Espinoza to distribute over 900 grams of methamphetamine throughout Pike County, Alabama.  State law enforcement in Level Plains, Alabama first received information regarding the conspiracy from a confidential informant who reported that Berry was selling methamphetamine from his residence.  After acquiring a search warrant for Berry's residence, law enforcement searched the premises and found several plastic bags containing crystal methamphetamine.  Berry informed law enforcement that he had received the methamphetamine from co-defendants Hernandez and Espinoza and directed law enforcement to a trailer where he knew Hernandez and Espinoza resided.  Law enforcement officials searched this residence and found bags of crystal methamphetamine.  The trailer was registered to Espinoza but contained a passport and other personal items belonging to Hernandez.

2

Upon finding a total of over 900 grams of methamphetamine in Berry's residence and Espinoza and Hernandez's trailer, police arrested all three individuals.  They were indicted for conspiracy to distribute 500 grams or more of methamphetamine and possession with intent to distribute 50 grams or more of methamphetamine.  Berry and Espinoza pled guilty to their charges, but Hernandez proceeded to trial, where a jury found him guilty of both charges.  Berry testified at sentencing that, while he was imprisoned, on the day before and the day after he testified at Hernandez's trial Hernandez made threatening gestures at him and offered to pay $5,000 to anyone who would "take [him] out."  Sentencing Hr'g Tr. at 17 (Doc. 187).[1]

Prior to Hernandez's sentencing hearing, a probation officer prepared a presentence investigation report ("PSI") assigning Hernandez a Sentencing Guidelines range of 235-293 months.  Hernandez's two charges each had a ten-year statutory minimum of incarceration and a maximum of life imprisonment.  At the sentencing hearing, the government recommended a 293-month sentence and Hernandez requested a sentence at the statutory minimum of 120 months. Hernandez argued that a variance was appropriate in light of his lack of criminal history, his personal reputation, the small scale of the criminal activity for which he was convicted, and his co-defendants' lesser sentences.  After hearing these

---

[1] "Doc." refers to the docket entry in the district court record in this case.

arguments, the district court applied a downward variance and sentenced

Hernandez to 210 months' imprisonment.[2]  The district court stated that a variance

was appropriate because Hernandez admitted guilt for his offense after his trial and

"he should be given some credit for that."  *Id*. at 52.  Hernandez appeals his

sentence, asserting that the district court imposed an unreasonable sentence in

violation of 18 U.S.C. § 3553(a) because it failed to consider the appropriate

statutory factors.[3]

## II. DISCUSSION

Pursuant to 18 U.S.C. § 3553(a), a district court must devise a sentence

sufficient, but not greater than necessary, to meet the statutory objectives of

§ 3553(a) and after considering the factors listed therein.  18 U.S.C. § 3553(a).

These factors include:  the nature and circumstances of the offense, the history and

characteristics of the defendant, the need to reflect the seriousness of the offense,

the need to promote respect for the law, the need to provide just punishment for the

offense, the need to afford adequate deterrence, the need to protect the public from

further crimes, the Sentencing Guidelines range, pertinent policy statements of the

---

[2] The district court selected Hernandez's 210-month sentence after a probation officer informed the court that Hernandez's guidelines range would have been 168-210 months if he had pled guilty to his charges.

[3] It is unclear whether Hernandez's appeal contests the reasonableness of his sentence on substantive or procedural grounds.  In an abundance of caution, we review his sentence for both procedural and substantive reasonableness.

4

Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims. *Id.*

We review a sentence for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). This standard includes a level of due deference to the district court because "[t]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a)." *Id.* (internal quotation mark omitted). We review the reasonableness of a sentence by evaluating whether the sentence imposed resulted from procedural errors or was substantively unreasonable based on the totality of the circumstances. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The challenging party has the burden of showing the sentence is unreasonable based on the record and the factors found in 18 U.S.C. § 3553(a). *Id.*

## A. Procedural Reasonableness

In reviewing a sentence for reasonableness, we must consider whether the district court abused its discretion by committing any procedural errors in sentencing the defendant such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. Hernandez argues that his sentence is procedurally unreasonable because the district court

5

failed to consider any of the § 3553(a) factors besides the Sentencing Guidelines range.  We disagree.

Hernandez's statement that the district court did not consider any § 3553(a) factors other than the guidelines range is unsupported by the record.  The district court referenced the § 3553(a) factors by first stating that it "evaluated the reasonableness of [Hernandez's] sentence through the lens of Section 3553." Sentencing Hr'g Tr. at 51 (Doc. 187).  After determining Hernandez's sentence, the district court reemphasized that "the sentence imposed is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing set forth in subpart (a) of Section 3553."  *Id*. at 52.

Although the district court did not mention each of the § 3553(a) factors at Hernandez's sentencing hearing, it was under no obligation to do so.  "The district court need not state on the record that it has explicitly considered each factor and need not discuss each factor."  *United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007).  The district court is only required to acknowledge that it considered the defendant's arguments and the § 3553(a) factors.  *Id*.

Even if the district court had failed to state explicitly that it had considered the § 3553(a) factors, we can infer from the record that it did so.  At the sentencing hearing, the district court considered arguments by Hernandez's counsel for a downward variance based on the small scale of his criminal activity, his lack of

6

criminal history, and his co-defendants' lesser sentences.  Following those statements, the district court listened to Hernandez speak about his minimal involvement in the conspiracy.

Furthermore, the court acknowledged that Hernandez had no criminal history and reassured him that his lack of criminal history was a factor taken into account in calculating his guidelines range, evidencing that the court considered his personal history.  Indeed, after considering Hernandez's arguments and his background, the court elected to grant Hernandez a variance 25 months below the guidelines range.  In sum, the district court's statements were sufficient to indicate that it considered the § 3553(a) factors and thus made no procedural error.  The sentence is procedurally reasonable.

### B. Substantive Reasonableness

Once we conclude that a sentence is procedurally sound, we must consider whether it is substantively reasonable under an abuse of discretion standard of review, taking into account the totality of the circumstances.  *Gall*, 552 U.S. at 51. A district court abuses its discretion and imposes a substantively unreasonable sentence when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (internal quotation mark

7

omitted).  The weight to be given to the § 3553(a) factors is decided by the district court.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

We will not vacate a sentence unless we have a "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Alfaro-Moncada*, 607 F.3d 720, 735 (11th Cir. 2010) (internal quotation marks omitted).  Indeed, "it is only the rare sentence that will be substantively unreasonable."  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (internal quotation marks omitted).  "If [a] sentence is within the guidelines range, [an] appellate court may, but is not required to, apply a presumption of reasonableness."  *Gall*, 552 U.S. at 51.  Although we do not apply an automatic presumption of reasonableness to sentences within the guidelines range, we do "ordinarily . . . expect a sentence within the Guidelines range to be reasonable."  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (internal quotation marks omitted).  We also consider the fact that a sentence is below the statutory maximum as an indication of reasonableness.  *See United States v. Cubero*, 754 F.3d 888, 898 (11th Cir. 2014).

Hernandez contends that his sentence is greater than necessary to achieve the statutory purposes of § 3553(a) and that a sentence at the statutory minimum of 120 months would have been sufficient.  We disagree and conclude that the district

8

court imposed a reasonable sentence.  Hernandez was the leader of a conspiracy to distribute methamphetamine.  He argues he only distributed drugs on a small scale, but the evidence adduced at his trial tells a different story.  Law enforcement found 492 grams of methamphetamine inside Hernandez's residence and 469 grams in Berry's residence that Berry testified Hernandez had supplied.  Hernandez also attempted to intimidate Berry before Berry testified at Hernandez's trial.  Given these circumstances, we do not find a sentence of 210 months' imprisonment to be substantively unreasonable, particularly when the sentence is below both the statutory maximum and Hernandez's guidelines range.  *See Cubero*, 754 F.3d at 898; *Hunt*, 526 F.3d at 746.

Hernandez also argues that his sentence is substantively unreasonable because it is significantly harsher than his co-defendants' sentences.  While § 3553(a) does instruct district courts to avoid unwarranted sentence disparities among comparable defendants, Hernandez has failed to demonstrate that he is similarly situated to his co-defendants.  *See United States v. Holt*, 777 F.3d 1234, 1270 (11th Cir. 2015).  The evidence showed that Hernandez led the conspiracy and directed the drug transactions.  He used Berry to distribute the methamphetamine and Espinoza to translate instructions to Berry.  And he was also the only defendant in the conspiracy who went to trial, while his co-defendants pled guilty.

9

Moreover, even if Hernandez succeeded in demonstrating his similarity to his co-defendants, a "[d]isparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal." *United States v. Regueiro*, 240 F.3d 1321, 1325-26 (11th Cir. 2001). This is because "adjust[ing] the sentence of a co-defendant in order to cure an apparently unjustified disparity between defendants in an individual case [would] simply create another, wholly unwarranted disparity between the defendant receiving the adjustment and all similar offenders in other cases." *United States v. Chotas*, 968 F.2d 1193, 1198 (11th Cir. 1992). As such, we see no reason to conclude that Hernandez received a substantively unreasonable sentence.

### III. CONCLUSION

Hernandez has failed to demonstrate that his sentence is procedurally or substantively unreasonable. We therefore affirm the sentence imposed by the district court.

**AFFIRMED.**