[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13143
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cr-00354-WTM-GRS-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARLON LASHAWN KING,
a.k.a. Melo,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(May 1, 2018)

Before MARCUS, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Marlon King appeals his 151-month sentence, imposed at the bottom of his advisory guidelines range, which the district court imposed after he pled guilty to a single count of distribution of heroin.  For the reasons set forth below, we affirm.

I.

King was indicted for, among other counts, conspiracy to distribute and to possess with intent to distribute tetrahydrocannabinol ("THC") and cocaine, distribution of cocaine, distribution of heroin, and possession of marijuana.  He pled guilty to the distribution of heroin count, in exchange for the government's agreement to dismiss the remaining charges.

In anticipation of sentencing, the probation office prepared a presentence investigation report ("PSI").  Using the drug equivalency tables in U.S.S.G. § 2D1.1, the PSI determined that King was accountable for the equivalent of 319.932 kilograms of marijuana based on the charged offenses, which yielded a base offense level of 24.  The PSI then classified King as a career offender under U.S.S.G. § 4B1.1(b) because he previously had been convicted of two controlled substance offenses.  As a result of this enhancement, King's base offense level was 32.  With a three-level decrease for acceptance of responsibility, King's total offense level was 29.  Also due to the career offender enhancement, the PSI set King's criminal history at a category VI.  This resulted in a guidelines range of 151 to 188 months' imprisonment with a statutory maximum sentence of 20 years.

King submitted a memorandum prior to sentencing in which he sought a downward variance based on his personal history and future goals.  At sentencing, King expressed remorse, and his wife and mother testified that he was a good father who deserved to be home with his children.  King did not object to the PSI, the facts and calculations of which the district court adopted.  The government argued for a within-guidelines sentence, citing King's lengthy criminal history.  The district court explained that it had reviewed the PSI, arguments from the defense (including the memorandum) and the government, King's allocution, the testimony of King's wife and mother, and the factors set forth in 18 U.S.C. § 3553(a).  It imposed a sentenced at the bottom of the applicable guidelines range, 151 months' imprisonment.

The court explained why it denied King's request for a downward variance. The court found that King "represents an ongoing threat to this community" and that the sentence reflected the need for deterrence and to "protect the public from further crimes by this defendant."  Doc. 94 at 14-15.[1]  The court further stated that it imposed a sentence at the bottom of the guidelines range because King had no prior convictions for offenses involving a weapon.

This is King's appeal.

---

[1] "Doc. #" refers to the numbered entry on the district court's docket.

3

## II.

We review the reasonableness of a sentence under a deferential abuse of discretion standard, considering the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 41 (2007). Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a)(2)—the need to reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

Although we do not automatically presume a within-guidelines sentence to be reasonable, ordinarily we expect it to be. *United States v. Asante*, 782 F.3d 639, 648 (11th Cir. 2015). That a sentence falls at the low end of the guidelines range

4

and well below the statutory maximum are two indications of reasonableness. *See United States v. Cubero*, 754 F.3d 888, 898 (11th Cir. 2014).

The party challenging a sentence bears the burden of proving the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). A district court imposes a substantively unreasonable sentence when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189-90 (11th Cir. 2010) (en banc); *see United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006) (explaining that a sentencing court's "single-minded[]" focus on one factor to the detriment of other relevant sentencing factors "is a symptom of an unreasonable sentence" (internal quotation marks omitted)).

Although generally the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008), a district court commits a clear error of judgment when it "considers the proper factors but balances them unreasonably" and imposes a sentence that "does not achieve the purposes of sentencing as stated in § 3553(a)," *Irey*, 612 F.3d at 1189-90 (internal quotation marks omitted). We will vacate a sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in

weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190.

### III.

King argues that his sentence was substantively unreasonable for two reasons. First, he contends that the district court placed too much weight on his criminal history and no weight on his "actual role in the scheme," distribution of only 3.68 grams of heroin. Appellant's Br. at 9. Second, he asserts that his sentence was disproportionate to that of his codefendant, who, he says, was convicted of more serious conduct but got a lesser sentence. We take these arguments in turn.

First, we reject King's argument that the district court improperly placed too much weight on his lengthy criminal history and not enough weight on the fact that the offense for which he was convicted involved a small amount of heroin. King's guidelines range was determined not by the probation office's calculation under the drug equivalency tables—which took into account offense conduct for which King was not convicted—but rather by the career offender enhancement, which King has never contested. The district court's consideration of the quantity of drugs for which King could be held accountable, including the amount of drugs in the counts that were dismissed—a calculation to which King did not object—also was not improper. *See* 18 U.S.C. § 3553(a)(1) (permitting the district court to consider in

sentencing "the nature and circumstances of the offense"); *United States v. Alston*, 895 F.2d 1362, 1371 (11th Cir. 1990) (holding that sentencing courts may consider quantities of drugs charged in counts ultimately dismissed pursuant to a plea agreement when arriving at an appropriate sentence).  Moreover, the district court was within its discretion to weigh heavily King's criminal history, and, given the court's statements that it considered numerous factors, including King's allocution and his family members' testimony, King cannot demonstrate that the court focused "single-mindedly" on his criminal history to the detriment of other relevant sentencing factors.  *Crisp*, 454 F.3d at 1292.

Second, we cannot agree with King that the district court erred in sentencing him to 151 months' imprisonment even though his co-defendant received a lesser sentence.  "Disparity between the sentences imposed on co-defendants is generally not an appropriate basis for relief on appeal." *United States v. Regueiro*, 240 F.3d 1321, 1325-26 (11th Cir. 2001).  This general rule reflects Congress's choice to enact the Sentencing Guidelines "to eliminate disparities in the sentences meted out to similarly situated defendants" rather than co-defendants in a single case who may be "culpable in different degrees." *United States v. Chotas*, 968 F.2d 1193, 1197 (11th Cir. 1992).  "The guidelines, structured to account for relative culpability and differences in prior records of defendants, demonstrate that the Sentencing Commission fully anticipated sentencing disparity between defendants

7

involved in the same offense." *Id.*; *see also* 18 U.S.C. § 3553(a)(6) (instructing sentencing courts to consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct"). King's argument may have had merit if he had demonstrated that his co-defendant was similarly situated to him in a manner other than simply being involved in the same offense; however, he has not done so. There is no indication in the record that King's co-defendant was categorized as a career offender—the categorization that drove King's guidelines range. Indeed, the record demonstrates that whereas King's co-defendant cooperated with law enforcement, King failed to follow through on his agreement to cooperate with investigators. Thus, King has not shown that the district court erred in imposing a higher sentence in his case than in his co-defendant's case.

## IV.

King has not met his burden to show that the district court abused its discretion in imposing his 151-month, bottom-of-the-guidelines sentence. We therefore affirm.

**AFFIRMED.**