[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13020
Non-Argument Calendar

_____

D. C. Docket No. 05-60203-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUSSELL G. MACARTHUR, JR.,
a.k.a. Thomas Stern,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 23, 2009)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Russell G. MacArthur, Jr. appeals his 281-month total sentence for

conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349, mail fraud, in violation of 18 U.S.C. § 1341, and criminal contempt in violating a court order, in violation of 18 U.S.C. § 401(3).

On appeal, MacArthur first argues that the district court clearly erred in holding him responsible for the losses incurred and persons victimized after he ended his involvement in the business opportunity fraud conspiracy. He also argues that his total sentence is substantively unreasonable because unwarranted disparities exist between his sentence, the sentence imposed on a co-conspirator, and the sentences imposed on other various white-collar criminals.

Upon review of the presentence investigation report and sentencing transcript, and upon consideration of the briefs of the parties, we discern no reversible error.

I.

We normally review the district court's application of the sentencing guidelines <u>de novo</u> and its findings of fact for clear error. <u>United States v. Baker</u>, 432 F.3d 1189, 1253 (11th Cir. 2005). "A factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." <u>United States v. Robertson</u>, 493 F.3d 1322, 1330 (11th Cir. 2007),

cert. denied 128 S.Ct. 1295 (2008) (internal quotation marks omitted). "The findings of fact of the sentencing court may be based on evidence heard during trial, facts admitted by a defendant's plea of guilty, undisputed statements in the presentence report, or evidence presented at the sentencing hearing." United States v. Wilson, 884 F.2d 1355, 1356 (11th Cir. 1989).

However, "[w]here a defendant raises a sentencing argument for the first time on appeal, we review for plain error." United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). We will correct plain error only if: "(1) there is an error; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity, or public reputation of a judicial proceeding." United States v. Douglas, 489 F.3d 1117, 1125 (11th Cir. 2007), cert. denied, 128 S.Ct. 1875 (2008). The defendant bears the burden of proving prejudice – that the error affected the outcome of the proceedings. United States v. De La Garza, 516 F.3d 1266, 1269 (11th Cir.), petition for cert. filed (U.S. May 15, 2008) (No. 07-11001).

For offenses involving fraud, including conspiracy to commit mail and wire fraud, the Sentencing Guidelines mandate increased offense levels depending on the amount of loss that resulted from the fraud and the number of victims

3

defrauded.  See U.S.S.G. § 2B1.1(b)(1), (b)(2).  For offenses involving more than $2.5 million but less than $7 million in losses, the offense level increases 18 points, whereas for offenses involving more than $7 million but less than $20 million in losses, the offense level increases 20 points.  U.S.S.G. § 2B1.1(b)(1).  Similarly, the offense level increases 4 points if the offense involved between 50 and 249 victims, whereas the offense level increases 6 points if the offense involved 250 or more victims.  U.S.S.G. § 2B1.1(b)(2).

If a defendant withdraws from a conspiracy, he is not responsible at sentencing for actions taken by co-conspirators after his withdrawal.  See United States v. Dabbs, 134 F.3d 1071, 1081-83 (11th Cir. 1998).  A defendant's participation in a conspiracy is presumed to continue "until all objects of the conspiracy have been accomplished or until the last overt act has been committed by any of the conspirators."  United States v. Arias, 431 F.3d 1327, 1340 (11th Cir. 2005).  In order to prove withdrawal from a conspiracy, the defendant bears the burden of showing that he (1) took "affirmative steps to defeat the objectives of the conspiracy"; and (2) either "made a reasonable effort to communicate these acts to his co-conspirators or disclosed the scheme to law enforcement authorities."  Id. at 1340-41.  "Mere cessation of participation is not sufficient to establish withdrawal."  Id. at 1341.

4

We have held that a defendant did not take affirmative acts inconsistent with a conspiracy to burn a church because she, inter alia, "did not convince the [co-conspirators] to leave" the church. United States v. Odom, 252 F.3d 1289, 1299 (11th Cir. 2001). Also, a conspirator's suspension of his active involvement in a drug conspiracy and establishment of a competing drug operation did not demonstrate affirmative steps to defeat the conspiracy's objectives. United States v. Young, 39 F.3d 1561, 1571 (11th Cir. 1994).

In order to be held responsible at sentencing for the actions of co-conspirators, those actions must have been reasonably foreseeable and in furtherance of the conspiracy. U.S.S.G. § 1B1.3(a)(1)(B). Because "the limits of sentencing accountability are not coextensive with the scope of criminal liability, however," the district court should take a two-pronged approach to determining loss liability for acts of co-conspirators. United States v. Hunter, 323 F.3d 1314, 1319 (11th Cir. 2003). "The district court must first determine the scope of criminal activity the defendant agreed to jointly undertake, and then consider all reasonably foreseeable acts and omissions of others in the jointly undertaken criminal activity." United States v. McCrimmon, 362 F.3d 725, 731 (11th Cir. 2004) (internal quotation omitted). If a defendant is aware of the scope of a conspiracy outside of his individual actions, he may be held accountable for

actions by co-conspirators in which he was not personally involved. Id. at 732-33. Thus, it is more likely that actions of co-conspirators are reasonably foreseeable to a defendant if he was a leader or organizer of the conspiracy. See id.

The district court did not clearly err in holding MacArthur responsible for the losses incurred and persons victimized after he ended his involvement with the business opportunity fraud conspiracy. First, the record supports the court's finding that he did not withdraw from the conspiracy because he did not take affirmative steps to defeat the purpose of the conspiracy. Second, the evidence demonstrated that, based on his leading role in the conspiracy before he ended his involvement, the additional losses and victims were reasonably foreseeable to him. Therefore, the district court properly found that MacArthur was responsible for more than $7 million but less than $20 million in losses and 250 or more victims. Accordingly, it properly enhanced his offense level 20 points for the loss amount and 6 points for the victim amount.

## II.

When review of a sentence on appeal is permitted, the scope of review can include both procedural and substantive reasonableness. Gall v. United States, 552 U.S. ___, ___, 128 S.Ct. 586, 597 (2007). In considering the reasonableness of a sentence, we employ an abuse-of-discretion standard "[r]egardless of whether the

sentence imposed is inside or outside the Guidelines range." Id. at __, 128 S.Ct. at 597. This abuse-of-discretion standard applies to both procedural and substantive reasonableness. United States v. Ellisor, 522 F.3d 1255, 1273 n.25 (11th Cir. 2008). The party challenging the sentence carries the burden of establishing unreasonableness. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

The district court should consider the § 3553(a) factors, as well as the defendant's arguments, at sentencing. See id. at 786. The factors outlined in § 3553(a) include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to afford adequate deterrence, to promote respect for the law, to provide just punishment for the offense, to protect the public, and to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines' range; (5) pertinent Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to victims. See 18 U.S.C. § 3553(a).

In considering the substantive reasonableness of a sentence, "we may find that a district court has abused its considerable discretion if it has weighed the

factors in a manner that demonstrably yields an unreasonable sentence." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). In other words, if the district court made a clear error in judgment in weighing the factors, we will remand for resentencing. Id. We ordinarily expect that a sentence within the guidelines range will be substantively reasonable. See Talley, 431 F.3d at 788.

Notably, "Congress enacted the Sentencing Guidelines in large part to eliminate disparities in the sentences meted out to similarly situated defendants." United States v. Chotas, 968 F.2d 1193, 1197 (11th Cir. 1992). Thus, "[p]roper application of the guidelines . . . should yield correspondingly different sentences for defendants culpable in different degrees." Id. In addition, "[d]isparity between sentences imposed on codefendants is generally not an appropriate basis for relief on appeal" because the adjustment of a co-defendant's sentence could create other unwarranted disparities between his sentence and similar offenders in other cases. United States v. Regueiro, 240 F.3d 1321, 1325-26 (11th Cir. 2001).

MacArthur's 281-month below-guidelines range sentence is not substantively unreasonable. The record does not reveal any unwarranted disparities between his and other defendants' sentences because it is not clear that his record and conduct was similar to these other defendants'. Furthermore, the district court considered the other § 3553(a) factors, including the need to protect

the public, MacArthur's history and characteristics, and the need to promote respect for the law, in arriving at his below-guidelines range total sentence. Therefore, MacArthur's 281-month total sentence is substantively reasonable and we affirm the district court.

**AFFIRMED.**[1]

---

[1] MacArthur's request for oral argument is denied.