[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12493
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-00139-MEF-SRW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL MENDEZ-DOMINGO,
a.k.a. Christopher Lee Garcia,
a.k.a. Miguel Garcia,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(March 20, 2013)

Before HULL, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Miguel Mendez-Domingo appeals the procedural and substantive

reasonableness of his 46-month sentence, imposed after he pleaded guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2).  He received a 16-level enhancement at sentencing, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), due to his 2004 Kansas state conviction for aggravated indecent liberties with a child.  On appeal, he argues, first, that the district court committed procedural error by failing at sentencing to either discuss the 18 U.S.C. § 3553(a) factors, or to articulate on the record its reasons for rejecting his argument challenging the inequity of the 16-level enhancement.  Next, he contends that his sentence is substantively unreasonable, as evidenced by the disproportionate results of the enhancement and the disparity between his 46-month sentence and a one-day sentence imposed later on the same day by the same court on a comparator defendant for the same crime.  After careful review, we affirm Mendez-Domingo's sentence.

We generally review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007).  Under the abuse of discretion standard, a sentence will be affirmed unless we find "that the district court has made a clear error of judgment, or has applied the wrong legal standard." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).  In other words, we "will not second guess the weight (or lack thereof) that the [district court] accorded to a

2

given factor . . . as long as the sentence ultimately imposed is reasonable in light of *all* the circumstances presented." *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010). The party challenging a sentence bears the burden of establishing that it is unreasonable. *Id.* However, where a defendant fails to object to an alleged sentencing error before the district court, we review only for plain error. *See United States v. Castro*, 455 F.3d 1249, 1251 (11th Cir. 2006).

In reviewing whether a sentence is reasonable, we must ensure, first, that the district court did not commit a significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51, 123 S. Ct. at 597. At sentencing, the district court is required to set forth the reasons for its sentence in sufficient detail so as to permit "meaningful appellate review." *Id.* at 50, 128 S. Ct. at 597. Although the court is required to consider the § 3553(a) factors in making its sentencing decision, it need not discuss each one in detail; "[r]ather, an acknowledgment by the district judge that he or she has considered the § 3553(a) factors will suffice." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). "[N]othing . . . requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *Id.* (quoting *United States v.*

3

*Thomas*, 446 F.3d 1348, 1357 (11th Cir. 2006)).  Ultimately, the court must show

"that [it] has considered the parties' arguments and has a reasoned basis" for its

decision.  *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008).

Once we determine that a sentence is procedurally sound, we must next

examine whether the sentence was substantively reasonable in light of the record

and the § 3553(a) factors.  *United States v. Wayerski*, 624 F.3d 1342, 1353 (11th

Cir. 2010).  This includes the "need to avoid unwarranted sentence disparities

among defendants with similar records who have been found guilty of similar

conduct."  18 U.S.C. § 3553(a)(6).  "Congress enacted the Sentencing Guidelines

in large part to eliminate disparities in the sentences meted out to similarly situated

defendants."  *United States v. Chotas*, 968 F.2d 1193, 1197 (11th Cir. 1992).  "A

well-founded claim of disparity, however, assumes that apples are being compared

to apples."  *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009).

Reasonableness is expected of a sentence falling within the guideline range, and it

may be further evinced by a sentence well below the statutory maximum.  *United

States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Under U.S.S.G. § 2L1.2(b)(1)(A)(ii), a 16-level enhancement is warranted

"[i]f the defendant previously was deported . . . after . . . a conviction for a felony

4

that is a crime of violence."[1]  In *United States v. Adeleke*, 968 F.2d 1159 (11th Cir. 1992), we upheld the enhancements under § 2L1.2(b)(1) against claims of inequity because: (1) they rationally promoted the policy of deterring aliens who were also convicted felons from reentering the United States; and (2) they did not result in improper double counting because the Sentencing Commission "clearly intended prior felonies to count against defendants under both the criminal history section and § 2L1.2."  *Id.* at 1160-61.  Under the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this Court *en banc* or by the Supreme Court.  *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008).

Mendez-Domingo's 46-month sentence is both procedurally and substantively reasonable.  Procedurally, the district court properly calculated the guideline range, acknowledged the range as "advisory," stated that it had considered the § 3553(a) factors, and expressly addressed his arguments.[2]  A fuller discussion of the § 3553(a) factors was not, as Mendez-Domingo argues, required.  *See Amedeo*, 487 F.3d at 832.  Moreover, the court heard his arguments regarding

---

[1]    The enhancement was applied in this case because Mendez-Domingo's deportation followed his 2004 conviction for aggravated indecent liberties with a child, and "crime of violence" is defined under § 2L1.2, comment (n.1(B)(iii)) to include "sexual abuse of a minor."

[2]    On appeal, the government argues that Mendez-Domingo failed to adequately preserve his procedural unreasonableness claim at trial, and accordingly we should review the procedural reasonableness of his sentence for plain error.  *See Castro*, 455 F.3d at 1251.  Because Mendez-Domingo's procedural claim fails under either an abuse of discretion or a plain error standard, we need not resolve this issue.

the enhancement at the sentencing hearing and acknowledged that it had read his sentencing memorandum, which elaborated on his main points. The court even expressed sympathy for Mendez-Domingo's situation; yet, deferring to the policy and intent underlying § 2L1.2(b)(1)(A)—to deter aliens who have been convicted of a felony from reentering the United States—the court elected not to vary from the guideline range. Thus, no procedural error occurred.

Substantively, Mendez-Domingo's sentence is reasonable in light of the record and the § 3553(a) factors. His appeal turns on two bases: the purported inequity of the 16-level enhancement, and the disparity between his sentence and that imposed on a single comparator defendant sentenced by the same court. First, our decision in *Adeleke* forecloses his inequity argument, a point he conceded at sentencing, absent an intervening change in the law. *See Vega-Castillo*, 540 F.3d at 1236. Turning to his disparity argument, it is worth noting, as the government points out, that the comparator defendant was sentenced *after* Mendez-Domingo; therefore, the district court could not have considered the comparator's sentence when imposing sentence in this case. In any event, a number of discrepancies disprove the requisite similarity of situation—for instance, Mendez-Domingo and the comparator differ with respect to length of residence in the United States, family ties to this country, and criminal history. Moreover, Mendez-Domingo's 46-month prison term was the lowest provided by the applicable guideline range,

6

and was also well below the 20-year statutory maximum.  The district court's sentence was substantively reasonable, and we affirm Mendez-Domingo's sentence.

AFFIRMED.