[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12234

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ALEXANDER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:20-cr-00010-CDL-MSH-1

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Carlos Alexander appeals his 90-month sentence imposed after he pleaded guilty to being a felon in possession of a firearm. On appeal, he argues that Georgia aggravated assault is not a crime of violence under the Sentencing Guidelines, and that the district court erred in not granting his request for a two-level downward departure. After review, we affirm the district court's crime of violence determination, and we dismiss Alexander's downward departure claim for lack of jurisdiction.

## I.    Background

Alexander entered an open plea of guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The United States Probation Office determined that Alexander's base offense level was 24 under U.S.S.G. 2K2.1(a)(2) because he had two prior crimes of violence as that term is defined under U.S.S.G. § 4B1.2—namely, a 2000 and a 2011 conviction for Georgia aggravated assault. Alexander's resulting guidelines range was 77 to 96 months' imprisonment, and the offense carried a statutory maximum of 10 years' imprisonment.

Alexander objected to the guidelines calculation. First, he argued that Georgia aggravated assault does not qualify as a crime of violence under either the enumerated crimes clause or the elements clause of § 4B1.2 because it could be committed with a

*mens rea* of recklessness, which rendered the offense overbroad for purposes of the enumerated crimes clause and categorically ineligible under the elements clause.  Second, he argued that he was eligible for a two-level departure under U.S.S.G. § 5K2.0(a)(2)(B) because he entered a guilty plea during the COVID-19 pandemic while there was a jury trial moratorium in effect.[1]

In response, the government argued, in relevant part, that Alexander's challenge to the classification of his prior Georgia aggravated assault convictions as crimes of violence was foreclosed by this Court's decision in *United States v. Morales-Alonso*, 878 F.3d 1311, 1320 (11th Cir. 2018), which held that Georgia aggravated assault under O.C.G.A. § 16-5-21(a)(2) qualified as a crime of violence under the enumerated crimes clause of U.S.S.G. § 2L1.2, which is materially identical to the enumerated crimes clause of § 4B1.2.  With regard to the departure under § 5K2.0, the

---

[1] U.S.S.G. § 5K2.0(a)(2)(B) authorizes a sentencing departure for "unidentified circumstances" and provides that "[a] departure may be warranted in the exceptional case in which there is present a circumstance that the Commission has not identified in the guidelines but that nevertheless is relevant to determining the appropriate sentence."  The government acknowledges in its brief that, in November 2020, in an effort to avoid a case backlog during the jury trial moratorium and to incentivize defendants to resolve cases, it "initiated a COVID-19 plea agreement policy, pursuant to which the United States would agree to recommend that the district court grant a two-level downward departure pursuant to U.S.S.G. § 5K2.0(a)(2)(B) on behalf of certain qualifying defendants who entered into plea agreements."

government asserted that Alexander was not eligible because the departure policy applied only to defendants who entered a plea agreement, which Alexander did not, and that the circumstances surrounding Alexander's arrest and his criminal history rendered him ineligible.

At sentencing, Alexander noted that the Supreme Court had then recently held in *Borden v. United States*, 141 S. Ct. 1817, 1825, 1834 (2021), that a criminal offense with a *mens rea* of recklessness does not qualify as a "violent felony" under the elements clause of the Armed Career Criminal Act (ACCA), which was identical to the elements clause of § 4B1.2. Accordingly, he argued that Georgia aggravated assault was no longer a crime of violence under § 4B1.2. The district court overruled the objection, explaining that it was bound by Circuit precedent to conclude that Georgia aggravated assault is a crime of violence under § 4B1.2's enumerated crimes clause and the elements clause.

Next, the district court acknowledged that it had the discretion to grant or deny the § 5K2.0 departure. However, it concluded that a departure was not appropriate because Alexander did not have a plea agreement, he had two prior crime of violence convictions, and there were aggravating circumstances surrounding his arrest. The district court asked the government to confirm with regard to the departure issue that Alexander was being treated similarly to other defendants with histories of crimes of violence who did not enter into plea agreements, and the government confirmed that he was being treated similarly. The

district court imposed a within-guidelines sentence of 90 months' imprisonment to be followed by three years' supervised release. Alexander timely appealed.

## II.    Discussion

### A. *Whether Georgia aggravated assault qualifies as a crime of violence under the Guidelines*

Alexander argues that Georgia aggravated assault is not a crime of violence under the Guidelines, §§ 2K2.1(a)(2), 4B1.2. He acknowledges that we held in *Morales-Alonso* that Georgia aggravated assault categorically qualifies as a crime of violence under the enumerated crimes clause, but he argues that *Morales-Alonso* does not control because it did not consider the *mens rea* of the offense in addressing whether Georgia aggravated assault was broader than the federal generic offense of aggravated assault.

We review de novo whether a defendant's prior conviction qualifies as a crime of violence under the Sentencing Guidelines. *United States v. Palomino Garcia*, 606 F.3d 1317, 1326 (11th Cir. 2010).

The base offense level for an offense involving the unlawful possession of firearms is 24 if the defendant committed any part of the offense after sustaining at least two felony convictions for a "crime of violence." U.S.S.G. § 2K2.1(a)(2). For purposes of § 2K2.1, "crime of violence" is defined in § 4B1.2(a) and its commentary. *Id.* cmt. (n.1). Under § 4B1.2(a) a felony offense is a "crime of violence" if it satisfies either § 4B1.2(a)'s elements clause

or its enumerated crimes clause. *Id.* § 4B1.2(a). Aggravated assault is listed in the enumerated crimes clause. *Id.* § 4B1.2(a)(2).

In *Morales-Alonso*, we held that a conviction for Georgia aggravated assault was a crime of violence under the commentary to U.S.S.G. § 2L1.2, which lists "aggravated assault" as an enumerated crime. 878 F.3d at 1320. Applying our decision in *Palomino Garcia*, 606 F.3d at 1332, we explained that generic aggravated assault has two elements: (1) a "criminal assault" that (2) is "accompanied by either the intent to cause serious bodily injury to the victim or the use of a deadly weapon." *Morales-Alonso*, 878 F.3d at 1315 (quotation omitted). We then concluded that Georgia aggravated assault contained substantially the same elements, and, therefore, it satisfied the enumerated crimes clause. *Id.* at 1320.

Although *Morales-Alonso* dealt with the enumerated crimes clause in § 2L1.2 and not § 4B1.2, we must interpret the definition of "crime of violence" consistently throughout the Guidelines. *See United States v. Lockley*, 632 F.3d 1238, 1241 (11th Cir. 2011). And both §§ 2L1.2 and 4B1.2 define the term "crime of violence" in the same way by enumerating "aggravated assault" as a covered offense. *Compare* U.S.S.G. § 2L1.2, cmt. (n.2), *with id.* § 4B1.2(a)(2). Accordingly, our decision in *Morales-Alonso* is controlling here.

In an attempt to overcome *Morales-Alonso*, Alexander argues that it is not controlling because we did not consider the argument that the *mens rea* element of the Georgia aggravated

21-12234                 Opinion of the Court                          7

assault statute is broader than the generic version of aggravated assault. His argument is unpersuasive. Under the prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc.*" *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). The holding of the first panel to address an issue is binding, even if a later panel concludes that the prior case was wrongly decided. *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998). Additionally, "[w]e have held that a prior panel precedent cannot be circumvented or ignored on the basis of arguments not made to or considered by the prior panel. . . . In short, we have categorically rejected an overlooked reason or argument exception to the prior-panel-precedent rule." *See In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015) (quotations and internal citations omitted)); *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1076 (11th Cir. 2000) ("Unless and until the holding of a prior decision is overruled by the Supreme Court or by the en banc court, that holding is the law of this Circuit regardless of what might have happened had other arguments been made to the panel that decided the issue first."). Accordingly, *Morales-Alonso* remains binding and forecloses Alexander's argument on appeal.[2]

---

[2] *Borden* did not abrogate *Morales-Alonso* because *Borden* addressed the ACCA's elements clause, not the enumerated crimes clause of U.S.S.G. § 4B1.2. *See United States v. Dudley*, 5 F.4th 1249, 1265 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 1376 (2022) ("To conclude that we are not bound by a prior

8                    Opinion of the Court                    21-12234

### B. Whether the district court erred in denying the § 5K2.0 departure

Alexander contends that the district court erred in denying his motion for a downward departure based on a lack of a plea agreement and that he was treated dissimilarly because there were other cases in which the district court granted the departure for defendants who had not entered into plea agreements—although he acknowledges that in those case the defendants had a different criminal history score. The government asserts that we lack jurisdiction to review this claim.

We have jurisdiction to review a district court's refusal to grant a downward departure under § 5K2.0 only if the court incorrectly believed that it lacked the authority to do so. *United States v. Hansen*, 262 F.3d 1217, 1255 (11th Cir. 2004). Here, the record demonstrates that the district court understood that it had the authority to grant the departure, but that it declined to exercise that authority. Accordingly, we cannot review the denial of

---

holding in light of a Supreme Court case, we must find that the case is 'clearly on point' and that it 'actually abrogate[s] or directly conflict[s] with, as opposed to merely weaken[s], the holding of the prior panel.'" (quoting *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009))).

Further, because Alexander's prior convictions qualify as crimes of violence under the enumerated offenses clause, we need not address whether § 4B1.2's elements clause provides an additional basis for the enhancement. *See Morales-Alonso*, 878 F.3d at 1314 n.4.

21-12234                Opinion of the Court                9

Alexander's request for a downward departure, and we dismiss this portion of his appeal.[3]  *Id.*

**AFFIRMED IN PART AND DISMISSED IN PART.**

---

[3] Moreover, even if we had jurisdiction, Alexander would not be entitled to relief because we have held that disparities in sentences is an "improper ground for departure" under § 5K2.0.  *United States v. Chotas*, 968 F.2d 1193, 1197–98 (11th Cir. 1992).